UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary of Health and Human Services <br><br> Defendant. | Civil No. 05-2323 (DAR) <br> *ECF* |

**PLAINTIFF GOLETA VALLEY'S RESPONSE
TO THE SECRETARY'S MOTION TO DISMISS**

Plaintiff Goleta Valley Community Hospital ("Goleta") respectfully files this response to the Defendant's Motion to Dismiss. In support thereof, Goleta would respectfully show the Court as follows:

### BACKGROUND

This proceeding concerns judicial review, under 42 U.S.C. § 1395oo(f)(1), of a Medicare reimbursement decision from Defendant Leavitt, the Secretary of the United States Department of Health and Human Services.[1] It involves a decade-long dispute concerning Goleta's entitlement to a "new provider" exemption from the routine cost limits ordinarily imposed on Medicare reimbursement for a skilled nursing facility and the resulting Medicare reimbursement to which Goleta was entitled. Goleta began this process in March 1995, filing for a three-year "new provider" exemption with Blue Cross of California, the Medicare program's fiscal intermediary contracted to process such requests. Complaint ¶ 26; Mtn. Ex. 2 at 3. When

---

[1] The Secretary's functions have been delegated to the Administrator of the Centers for Medicare and Medicaid Services, who acts on behalf of the Secretary in review of Medicare claims.

complete, Blue Cross forwarded the exemption requests for the 1995 and 1996 cost reporting periods to the Centers for Medicare and Medicaid Services ("CMS"), a sub-agency of the Department of Health and Human Services that administers the Medicare program.[2]  Mtn. Ex. 2. CMS and the fiscal intermediary denied Goleta's request for the exemption, and thus the corresponding Medicare reimbursement, in 1997.  Mtn. Ex. 1.  Eight years later, after a lengthy administrative appeals' process—interspersed by numerous dilatory jurisdictional challenges by the agency which were found to be baseless—the Provider Reimbursement Review Board (the "Board") held that Goleta was indeed entitled to the exemption.  Mtn. Ex. 2.  In the course of the appeal, Goleta had brought to the Board's attention a decision from the D.C. Circuit, which held that, under similar circumstances as those present here, a provider with a new skilled nursing facility, such as Goleta, was entitled to the exemption. Mtn. Ex. 2.  *See St. Elizabeth's Med. Center v. Thompson*, 396 F.3d 1228 (D.C. Cir. 2005).  The Secretary agreed that Goleta's request was complete and sufficient to determine whether Goleta was entitled to a new provider exemption.  Mtn. Ex. 3 at 5-6.  The Secretary also agreed that the *St Elizabeth's* decision was controlling as to Goleta's claims.  Mtn. Ex. 4 at 6-7.

The Secretary nevertheless claimed that the Board should not have determined whether Goleta was entitled to the exemption. Mtn. Ex. 3 at 6.  As a practical matter, the determination that the request was complete was dispositive, because the materials provided reflected only that Goleta was indeed a new provider.  In addition, Goleta and the fiscal intermediary, acting on behalf of CMS, had stipulated that the Board should make this determination.  The stipulation provided that:

> should the Board rule in favor of the Provider, it will decide a second issue which is whether or not the Provider is entitled to an exemption; that there shall be a

---

[2] At the time Goleta's request was initially submitted, CMS was known as the Health Care Financing Administration.  Its name was changed to CMS in 2001.  *See* 66 Fed. Reg. 35,437 (July 25, 2001).

> concurrent hearing for the 3 cases addressed herein; and, that the Board's decision with respect to the initial issue stated above is dispositive for all three cases.

Mtn. Ex. 3 at 2 n. 1. Despite this stipulation from the CMS, the CMS Administrator (acting on behalf of the Secretary) reversed the Board's determination and remanded it to CMS for further review. Ex 3 at 6.

Shortly after Goleta timely filed this complaint for judicial review of the Secretary's decision, the agency confirmed that Goleta was entitled to the exemption and directed the fiscal intermediary to reimburse Goleta for the claims for which it had sought an exemption. Mtn. Exs. 4 & 5. Still unaddressed, however, were Goleta's claims for interest on the ten-year delay providing reimbursement.[3] In addition, also unaddressed are Goleta's claim that, under these circumstances, attorneys' fees are appropriate under the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d)(3). By motion to dismiss, the Secretary now claims that these matters are moot due to the reimbursement of Goleta, or, in any event, that the Secretary's remand prohibited any such determination from being reviewed by this Court.

As discussed below, the Secretary's motion to dismiss should be denied. Pursuant to local rules, a proposed order reflecting denial of the motion is attached.

## STATUTORY FRAMEWORK

As part of the Social Security Act, Congress enacted the Medicare program to provide federally funded health insurance to aged and certain disabled persons. 42 U.S.C. § 1395, *et seq.* Among its provisions, Medicare provides for the reimbursement of "reasonable costs" of skilled nursing or rehabilitative care for beneficiaries in Medicare-certified facilities. 42 U.S.C. § 1395f(b)(1). A skilled nursing facility is an:

---

[3] To put this controversy into perspective, the amount reimbursed to Goleta with the new provider exemption is $586,020. *See* Mtn. Ex. 5 (Revised NPRs for all three reporting periods). Due to the length of delay by the agency, the amount of interest claimed by Goleta exceeds this amount.

institution (or distinct part of an institution) which is primarily engaged in providing residents (A) skilled nursing care and related services for residents who require medical or nursing care, or (B) rehabilitation services for the rehabilitation of injured, disabled or sick persons.

42 U.S.C. § 1395i-3(a)(1).

Medicare provides that a skilled nursing facility shall be reimbursed for the reasonable cost of providing services to Medicare beneficiaries, subject to several limitations.  42 U.S.C. §§ 1395f(b)(1), 1395x(v).  Recognizing that a pure cost-based scheme would reward inefficient providers with larger reimbursement, Congress granted the Secretary the discretion to limit these reimbursements.  42 U.S.C. § 1395yy(c).  With this discretion, the Secretary has created routine cost limits, which establish a cap on reimbursements for care provided by skilled nursing facilities.  42 C.F.R. § 413.30; *see also Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 404-06 (1993) (discussing the routine cost limit scheme).

Routine cost limits, however, do not apply to all skilled nursing facilities.  Rather, as reflected in 42 C.F.R. § 413.30(e), the Secretary created an exemption from routine cost limits for new providers of skilled nursing facility providers.  The Secretary designed this new provider exemption to "allow a [new] provider to recoup the higher costs normally resulting from low occupancy rates and start-up costs during the time it takes to build its patient population." *Paragon Health Network v. Thompson,* 251 F.3d 1141, 1149 (7th Cir. 2001); 42 C.F.R. § 413.30(e).  The regulation provides as follows:

> Exemptions from the limits imposed under this section may be granted to a new provider.  A new provider is a provider of inpatient services that has operated as the type of provider (or the equivalent) for which it is certified for Medicare, under present and previous ownership, for less than three full years.  An exemption granted under this paragraph expires at the end of the provider's first cost reporting period beginning at least two years after the provider accepts its first patient.

4223410v.1

42 C.F.R. 413.30(e).  To qualify for this new provider exemption, a facility must show that it is either new or operating for the first time as a skilled nursing facility or its equivalent.  *St. Elizabeth's Medical Center of Boston, Inc. v. Thompson*, 396 F.3d 1228, 1231 (D.C. Cir. 2005).

Decisions under the Medicare program may be reviewed by this Court pursuant to 42 U.S.C. § 1395oo(f)(1).  Based on the incorporation of 42 U.S.C. § 405(h), Section 1395oo(f)(1) is indeed the primary basis for judicial review of a Medicare program decision.  42 U.S.C. § 1395ii (incorporating Section 405(h); *see also Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1 (2000) (discussing basis for judicial review).  Pursuant to Section 1395oo(f)(1), a final decision of the Board may be reviewed.  In addition, decisions of the Administrator (acting on behalf of the Secretary) to reverse, modify or affirm such a final Board decision are likewise subject to review.  42 U.S.C. § 1395oo(f)(1).  The Secretary's regulations covering the availability of judicial review likewise reflect this distinction—providing review of "final" Board decisions or of a "reversal, affirmation, or modification by the Administrator of a Board decision."  42 C.F.R. § 405.1877(a).  Thus, the determinations of the Secretary sitting in review of a final Board decision are subject to judicial review.

The provisions allowing for judicial review also incorporate the standards for review of agency action under the Administrative Procedure Act ("APA").  *See St. Elizabeth's Med. Ctr. v. Thompson*, 396 F.3d 1228, 1233 (D.C. Cir. 2005).  Under the APA, a court can set aside an agency action if the court finds the action to be "arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  In addition, reversal is appropriate where the agency decision is "unsupported by substantial evidence" in the record.  5 U.S.C. § 706(2)(E).  In addition, this Court may find under the APA that the agency's action has been unreasonable withheld or unnecessarily delayed.  5 U.S.C. § 706(1).

**ARGUMENT AND AUTHORITIES**

**I.     Should Be Denied and Developed Based on the Administrative Record.**

The Secretary's motion to dismiss is based on Fed. R. Civ. P. 12(b)(1) (jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Other than this general reference in the motion to dismiss, the Secretary has failed to discuss the standards for assessing such motions in his memorandum of points and authorities. Both grounds provide that Goleta's complaint shall be broadly construed, assuming all facts alleged as true and indulging all inferences in the plaintiff's favor. Under Fed. R. Civ. P. 12(b)(1), the court may receive evidence outside the complaint to resolve jurisdictional issues of fact, and the Secretary's motion to dismiss relies heavily on such extrinsic evidence. On the other hand, a motion under Fed. R. Civ. P. 12(b)(6) for the failure to state a claim cannot be based on the extrinsic facts relied on by the Secretary.

Goleta suggests that the appropriate course of action would have been to address these and all other issues under a briefing schedule following the filing of the administrative record for this case. This had been the subject of numerous discussions with government counsel prior the filing of the motion to dismiss, and it had been the agreed course of action, *as understood by Goleta's counsel*, at the time Goleta's counsel agreed not to oppose the Secretary's request for an extension of time to respond to Goleta's complaint. *See* Goleta's Motion to Extend Time to Respond to Defendant's Motion to Dismiss. Instead, the Secretary has raised a dilatory motion to dismiss that will result in the piecemeal adjudication of this lawsuit, lengthening what has already been a decade-long process, needlessly causing Goleta to incur further attorneys' fees pursuing claims for reimbursement for which the Secretary now realizes there was no basis for dispute. Many of the issues raised by the Secretary require the filing of the administrative record—for example, the stipulation filed by Goleta and CMS (by the fiscal intermediary)

agreeing that the Board should decide ultimately whether Goleta was entitled to the exemption (*see* Mtn. Ex. 3 at 2 n.1), would be highly probative of the arguments raised by the Secretary in his motion. Simply put, the administrative record is needed to determine what issues were before the Board, the context of those decisions, and the propriety of the conduct of the agency. Filing this motion to dismiss is further dilatory conduct on the part of the agency and an improper attempt to sidestep the filing of the administrative record.

Nevertheless, regardless whether these issues are framed in the context of a motion to dismiss, or following the filing of the administrative record, the arguments raised by the Secretary have no merit. The motion should be denied.

**II.    Goleta's Claims for Interest and Attorneys' Fees Are Not Moot—The Secretary May Not Moot These Claims by Granting Goleta's Ten-Year Old Exemption Request.**

Claiming mootness, the Secretary moves to dismiss this case on subject matter jurisdiction grounds: "the Court should nonetheless dismiss this case as failing to present a live case or controversy under Article III of the Constitution and as moot." Mtn. at 14. The basis: "The facts here reveal that the remand proceedings have resulted in the agency's approval of Goleta's exemption request and the hospital has been paid." Mtn. at 14 & Ex. 5. Generally discussing "case or controversy" requirements, the Secretary makes no mention that Goleta is here seeking the recovery of interest and attorneys fees for the failure to provide reimbursement for ten-year old reimbursement claims. Indeed, the Secretary does not even cite to relevant law addressing this issue in the context of judicial review of a Medicare claim. Evidently, the Secretary believes that he may avoid the previous baseless refusal of the exemption and moot the relief requested in the lawsuit by simply paying the underlying claim. Oddly, the Secretary provides no support for this result. Of even more concern, in raising mootness the Secretary fails

to note a prior D.C. Circuit opinion rejecting just such a mootness argument under similar circumstances.

In *Tucson Medical Center v. Sullivan*, 946 F.2d 971 (D.C. Cir. 1991), the D.C. Circuit held that the Secretary may not moot review of a reimbursement decision by agreeing to make reimbursement after the lawsuit had been filed. There, a provider had contested the Secretary's improper retroactive application of a wage-index rule to diminish the amount reimbursable under Medicare. *Id.* at 973-4. It sought review of that decision in the district court, but, a day after the lawsuit was filed, a revised ruling issued granting the claim and making reimbursement. *Id.* at 977. In an effort to avoid the provider's claim for statutory interest on the delayed reimbursement, the Secretary then moved to dismiss the lawsuit as moot. *Id.* at 973. The district court granted the motion and dismissed the lawsuit as moot. *Id.* at 973 (citing *Tucson medical Center v. Sullivan*, 748 F. Supp. 28 (D.D.C. 1990)).

The D.C. Circuit reversed the dismissal, holding that the claim for interest prevented the case from becoming moot. 947 S.W.2d at 977-78. The court noted that, although some issues may become moot, remaining live claims "supply the constitutional requirement of a case or controversy." *Tucson Medical*, 947 F.2d at 978 (quoting *Powell v. McCormack*, 395 U.S. 486, 497 (1969). By way of example, the D.C. Circuit explained that, where a settlement occurs, "it does not render moot any secondary claims . . . for liquidated damages *or interest on delinquent contributions*." 947 F.2d at 978 (emphasis added). The court then concluded that, because the reimbursement had not been made as of the date suit had been filed, the provider's claim for interest was not moot. *Id.* at 978-79. Further, the D.C. Circuit held that the provider was entitled to interest as a prevailing party pursuant to 42 U.S.C. § 1395oo(f)(2):

> In the case of this statute, however, where the primary goal is to compensate the party who eventually receives the money for the delay occasioned by the other

>party's error, the nexus is explicit in the statute itself: interest will be awarded only after a suit is properly filed, which in turn means that the Secretary's agency has made a determination adverse to the provider. From this perspective, a party in court prevails as soon as it receives the disputed amount.

947 F.2d at 982.[4]

Here, the agency found Goleta entitled to the exemption and made reimbursement *subsequent* to Goleta's filing of this lawsuit. As such, Goleta is entitled to an award of interest under 42 U.S.C. § 1395oo(f)(2).[5] As in *Tucson Medical*, the agency has now determined that Goleta was entitled to the reimbursement and has paid the reimbursement. Thus, Goleta is a "prevailing party" entitled to interest under Section 1395oo(f)(2). *Tucson Medical* 947 F.2d at 982. Under section 1395oo(f)(2), interest is due after the applicable 180-day period set forth in section 1395oo(a)(3). That section provides that the time period runs from the time the determination would have been made on the cost report, if the determination had been made on a timely basis. 42 U.S.C. §§ 1395oo(a)(1)(B), 1395oo(a)(3). The Secretary has already determined that Goleta's cost report initially provided to the fiscal intermediary was sufficient. *See* Mtn. Ex. 3. Had the exemption (and reimbursement) been granted on a timely basis, it would have occurred in 1997, not a decade later after the repeated dilatory conduct of the agency. Goleta has a ripe claim for interest.[6]

In moving to dismiss, the Secretary should have brought the *Tucson Medical* decision to the Court's decision; it flatly rejects the Secretary's position here. The motion to dismiss should be denied. The "extrinsic facts" relied upon by the Secretary do not reflect that Goleta's claims

---

[4] In addition, Goleta has a claim for attorneys' fees and interest, which are subject to award under the Equal Access to Justice Act, 5 U.S.C. § 504; *see also* 28 U.S.C. § 2412(d)(3). This claim would likewise remain ripe and prevent dismissal for mootness.

[5] This is just one ground for awarding interest to Goleta. As will be developed when this case is addressed on the merits, there are numerous applicable statutory and regulatory grounds under which Goleta may claim interest.

[6] Where the amount eligible for reimbursement is found to be incorrect, the provider is entitled to interest. 42 C.F.R. § 1395oo(f)(2), and district courts have routinely held that interest shall be recoverable. *See, e.g.*, *Cookeville Regional Medical Center v. Thompson*, No. 04-1053, 2005 WL 3276219 (D.D.C. 2005 Oct. 28, 2005).

9

are moot; rather, they confirm Goleta's entitled to interest and suggest further entitlement to attorneys' fees for pre- and post-litigation conduct that was not "substantially justified."

### III. Judicial Review Exists for "Any Reversal, Affirmance or Modification by the Secretary" of Any Final Decision of the Provider Reimbursement Review Board.

The Secretary also challenges this Court's jurisdiction to review the Secretary's reversal of the Board's determination that Goleta was entitled to a new provider exemption. Mtn. at 10-14. Judicial review of claims arising under the Medicare program is provided by 42 U.S.C. § 1395oo(f)(1), which states: "Providers shall have the right to obtain judicial review of any final decision of the Board, *or of any reversal, affirmance, or modification of the Secretary. . . .*" (emphasis added).

The Board here found that Goleta was entitled to the new provider exemption. Mtn. Ex. 2. In the motion to dismiss, the Secretary admits that, but for the Secretary's reversal and remand, this was the type of final decision for which judicial review would ordinarily lie. Mtn. at 13. In discussing such a "final decision," the Secretary identified "a decision on the merits of CMS's determination as to whether Goleta's [skilled nursing facility] qualifies for a new provider exemption. Such a final decision could be appealable under the controlling statute. 42 U.S.C. § 1395oo(f)(1)." Mtn. at 13.

In the motion to dismiss, the Secretary fails to appreciate the two distinct statutory categories of decision subject to judicial review under Section 1395oo(f)(1). The statute requires Board orders to be final, but the right of review extends to the Secretary's "reversal, affirmance or modification" of any such Board order. The distinction of these two components is actually reflected more clearly in the agency's own regulations covering judicial review. 42 C.F.R. 450.1877 provides that judicial review may be sought of the following:

(1) A final decision by the Board; or

10

>   (2)   Any reversal, affirmance, or modification by the Administrator.

42 C.F.R. § 405.1877(a).  In this case, there was a final decision of the Board, but it was reversed by the Administrator acting on behalf of the Secretary.  Judicial review is therefore appropriate.

Relying on "finality" concerns, the Secretary also claims that Goleta's claim for interest is premature because the reimbursement decision was remanded to CMS.  As Goleta has now been reimbursed for every exemption claim it sought (excluding interest) for the applicable cost reporting periods for 1995 and 1996, this contention cannot now be sustained.  In any event, this position was recently rejected in *S.C. Management, Inc. v. Leavitt*, No. 1:05-cv-12, 2005 WL 3263279, *1 (E.D. Mo. Dec. 1, 2005).

In *S.C. Management*, Twin Rivers (the provider) brought suit in district court pursuant to 42 U.S.C. § 1395oo(f)(1) to challenge the Secretary's denial of a new provider exemption for its 1993 and 1994 cost reporting periods.  The district court granted the provider's summary judgment, remanding to the Secretary the calculation of the reimbursement due for the new provider exemption.  The district court subsequently amended its judgment to include an express award of interest pursuant to 42 U.S.C. § 1395oo(f)(2).  The district court found the provider was the "prevailing party" and that the lawsuit was a "catalytic, necessary or substantial factor in attaining the relief."  *Id.* at *1 (citing *Tucson Medical Center v. Sullivan*, 947 F.2d 971, 982 (D.C. Cir. 1991)).

The Secretary opposed the interest award on the ground that it was premature: "According to the Secretary, the Court cannot rule on whether interest is due until the Secretary has first considered the issue."  The district court disagreed, noting that the award of interest is a matter for the judiciary.  Relying on *Tucson*, the district court in *S.C. Management* stated that "the deference normally accorded to the administrative agency's interpretation of its own statute

11

is simply inapplicable when the statutory provision is not one directed to the agency's administration of the law." 2005 WL 3263279 at *1; *see also Tucson*, 947 F.2d at 981. Because the entitlement to interest was vested in the district court, there was no basis to defer to the Secretary for consideration:

> In the case of 42 U.S.C. § 1395oo(f)(2), all powers of interpretation and application are vested with the federal courts, thus eliminating the Secretary's right to the "first shot" at deciding the issue of interest.

2005 WL 3263279 at *1. The district court expressly rejected any "finality" concerns given that the calculation of the reimbursement was subject to remand—regardless of the outcome, the provider would still be entitled to interest for the delay in making reimbursement:

> While the Secretary must still determine the precise amount that Twin Rivers is entitled to for its 1993 and 1994 cost reporting periods, there is no question that whatever amount is ultimately paid to Twin Rivers shall be accompanied by an award of interest pursuant to 42 U.S.C. § 1395oo(f)(2).

*Id.* at *2. Moreover, the fact that reimbursement amounts still required calculation on remand was no basis for deferring an order declaring that the provider was entitled to interest; the statute set forth a mathematical basis for calculating the interest owed:

> Additionally, the statute provides a clear formula for computing interest, thus removing any discretionary role that the Secretary could possibly play in the matter on remand.

*Id.* at *1.

Given the similarity of arguments, and the fact that this opinion was so recently decided against Secretary Leavitt, it is surprising that the Secretary would file a motion to dismiss without affirmatively acknowledging the *S.C. Management* decision. It is highly relevant to the issues before this Court. In this lawsuit, Goleta has a much more compelling basis for an award of interest than that in *S.C. Management*. Here, the agency has already determined the reimbursement on remand, granting every claim originally made by Goleta almost ten years ago.

The Court should deny the Secretary's motion to dismiss, require the administrative record to be filed, and determine Goleta's entitlement to the relief sought by it in the complaint.

## CONCLUSION AND PRAYER

Wherefore, premises considered, Plaintiff Goleta Valley Community Hospital respectfully prays that the Court deny the Secretary's motion to dismiss in all respects, that the Court order the administrative record to be filed, and that the Court direct the parties to address the claims raised in Goleta's complaint, either by briefing schedule or by whatever procedure the Court deems appropriate.  Goleta also prays for such other relief to which it may be entitled.

Respectfully submitted,

/s/
**ALAN B. DAUGHTRY**
D.C. Bar No.:  TX0029
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
Telephone:  (713) 752-4200
Facsimile:  (713) 752-4221
adaughtry@jw.com
GOLETA VALLEY COMMUNITY
HOSPITAL a/k/a GOLETA VALLEY
COTTAGE HOSPITAL

Of Counsel:

Barron P. Bogatto
Virginia C. Alverson
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone:  (713) 752-4200
Facsimile:  (713) 752-4221

## CERTIFICATE OF SERVICE

This is to certify that on this **27th** day of **March, 2006**, a true and correct copy of the foregoing and a proposed order denying the motion to dismiss was served electronically or via United States mail, postage prepaid, upon:

Paul Edwin Soeffing
U.S Department Of Health & Human Services
Office of the General Counsel
7500 Security Boulevard
Room C2-05-23
Baltimore, MD 21244-1850

Kenneth L. Wainstein
United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

Peter S. Smith
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

/s/
Alan B. Daughtry

4223410v.1