UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services )<br>)<br>Defendant. )<br>) | Civil No. 05-2323 (DAR)<br>*ECF* |

**PLAINTIFF GOLETA VALLEY'S RESPONSE
TO THE SECRETARY'S SECOND MOTION TO EXTEND TIME FOR REPLY BRIEF**

Plaintiff Goleta Valley Community Hospital ("Goleta") respectfully files this response to the Defendant's second motion for an enlargement of time to file its reply brief. In support thereof, Goleta would respectfully show the Court as follows:

1. This proceeding concerns judicial review, under 42 U.S.C. § 1395oo(f)(1), of a Medicare reimbursement decision from Defendant Leavitt, the Secretary of the United States Department of Health and Human Services. Goleta began this process in March 1995 and has been met with delay after delay in this decade-long process for reimbursement.

2. The Secretary has filed a motion to dismiss under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. At the time the motion to dismiss was filed, counsel for Goleta had been under the impression, apparently mistakenly, that the Secretary would file the Administrative Record and then these and other issues would be resolved on the basis of the record. This had been the subject of discussion among counsel, and it was the basis on which an extension of time had been sought by the Secretary to answer this dispute. Goleta was thus

1

surprised when a motion to dismiss was filed, rather than the plan which had been discussed—filing the record and then addressing all issues under a briefing schedule.

3.  In light of Goleta's response to the motion to dismiss, which provided very relevant authority supporting this lawsuit, the Secretary sought a two-week extension. In the conference on the first extension, Goleta's counsel indicated that two weeks were too much for a reply brief, again raising frustration that this case had not been developed under a briefing schedule with the record, and noting that this was just costing Goleta more money. Nevertheless, Goleta agreed to not oppose the extension.

4.  The Secretary now wants another week's extension on a reply brief. Moreover, the Secretary waited to contact Goleta's counsel for conference until he was out of the office on Good Friday for the Easter holiday. Given the circumstances surrounding this motion, Goleta is opposed to the Secretary's request for an additional three-week extension of time.[1]

5.  As had initially been discussed between the parties, the Court should defer ruling on the issues raised in the Secretary's motion until after the Administrative Record has been filed. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (may defer ruling until record is developed).[2] This motion to dismiss is an inefficient use of the Court's time. With briefing based on the record, this Court may make one ruling that disposes of this case; the denial of the Secretary's motion leaves others matters unresolved, imposing further costs and delay on Goleta (which has already had to wait a decade for reimbursement). Moreover, the Secretary's motion is cursory at best, merely citing to the rules for dismissal. By addressing all

---

[1] Goleta's counsel will otherwise maintain his customary practice of not opposing extensions; this specific situation, however, has become unreasonable.
[2] That the Secretary needs three weeks to file a reply to Goleta's response is indicative of the merits of the Secretary's motion.

matters on the record, the Court would have a more thorough, as well as precise, basis for the parties' contentions.

## CONCLUSION AND PRAYER

Wherefore, premises considered, Plaintiff Goleta Valley Community Hospital opposes the second addition of time sought by the Secretary for reply. Goleta further prays that the Court deny the motion to dismiss and direct the parties to address the issues in the case pursuant to a briefing schedule after the record has been filed. Goleta also prays for such other relief to which it may be entitled.

Respectfully submitted,

/s/
**ALAN B. DAUGHTRY**
D.C. Bar No.: TX0029
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
adaughtry@jw.com
GOLETA VALLEY COMMUNITY
HOSPITAL a/k/a GOLETA VALLEY
COTTAGE HOSPITAL

Of Counsel:

Barron P. Bogatto
Virginia C. Alverson
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

3

4242221v.1

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of April 2006, a true and correct copy of the foregoing and a proposed order denying the motion to dismiss was served electronically, via the ECF system, upon the following:

Paul Edwin Soeffing
U.S Department Of Health & Human Services
Office of the General Counsel
7500 Security Boulevard
Room C2-05-23
Baltimore, MD 21244-1850

Kenneth L. Wainstein
United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

Peter S. Smith
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

                                        /s/
                                Alan B. Daughtry