**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-2323 (DAR) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

In this action, the Plaintiff, Goleta Valley Community Hospital ("Goleta"), challenges an administrative remand decision by the Administrator of the Centers for Medicare & Medicaid Services ("CMS") regarding Goleta's request for a new provider exemption from the limits on Medicare's routine service cost reimbursement applicable to all skilled nursing facilities ("SNFs"). However, as demonstrated in the Secretary's opening brief, this Court has no jurisdiction over this matter because Goleta has not appealed a final agency decision. Rather, Plaintiff attempts to appeal an interim decision of the CMS Administrator remanding this matter to the agency for further action. Moreover, even assuming, arguendo, that Plaintiff's complaint met this Court's threshold jurisdictional requirements, the complaint is moot because the hospital's Medicare reimbursement claims were paid pursuant to the administrative adjudication. Plaintiff concedes that it has received payment for the Medicare cost limit exemption it had sought.

Nevertheless, Goleta contends that this Court can still properly hear this case because Plaintiff seeks interest and attorneys' fees for its paid Medicare claims. Notwithstanding Goleta's contentions, even if this Court did have jurisdiction, Goleta still cannot recover any interest or attorneys' fees for this matter. The award of interest from the Medicare Trust Funds, as well as attorneys' fees under the Equal Access to Justice Act ("EAJA") (5 U.S.C. § 504; 28 U.S.C. § 2412(d)(3)) are confined to strictly limited circumstances. 42 U.S.C. § 1395oo(f)(2); 5 U.S.C. § 504(a)(1) and (b)(1) (limiting fee award in administrative cases to, inter alia, formal trial-type on-the-record hearings). These awards are simply unavailable to claims, such as those presented herein, that are resolved through informal administrative adjudications before the Provider Reimbursement Review Board and CMS Administrator.[1] Moreover, because Plaintiff has failed to present these claims to the Secretary as required under the Medicare statute, the Court lacks jurisdiction to entertain them at this time.

## II.  BACKGROUND

As detailed in the Secretary's opening brief, and in the Plaintiff's complaint, this matter arises from Goleta's request for a new provider exemption from the Medicare routine cost limits. See Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") at 8-9; Complaint ¶ 6. The facts reveal that CMS had initially denied Goleta's exemption request. See Def.'s Mem., Exhibit ("Ex.") 1. Goleta appealed that denial to the Provider Reimbursement Review Board ("PRRB" or "Board") as required by the Medicare

---

[1] There is also a provision for the payment of interest where a final determination is made that a specific amount of money is due and payment of that money is not made in a timely fashion. 42 U.S.C. § 1395g(d). However, this provision is not applicable to these proceedings and Plaintiff does not appear to be requesting interest thereunder. See National Med. Enterprises, Inc. v. Sullivan, 960 F.2d 866, 868-69 (9th Cir. 1992).

statute and regulations.  42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1841.  The denial was reversed

by the Board.  See Def.'s Mem., Ex. 2 at 5.  Pursuant to the Medicare statute, the CMS

Administrator reviewed the Board's decision and vacated it, remanding the matter to CMS for

further proceedings.  See 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875(h); Def.'s Mem., Ex.

3.  In his remand order, the Administrator instructed CMS to further consider Goleta's exemption

request and to take into account recent caselaw which changed the criteria under which a

provider can qualify for an exemption.  Id. at 6 (citing St. Elizabeth's Med. Ctr. of Boston v.

Thompson, 396 F.3d 1228 (D.C. Cir. 2005).  Upon remand and attendant review, CMS granted

the exemption to Goleta on November 16, 2005.  Def.'s Mem., Ex. 4 at 2-3.  The fiscal

intermediary received notice of CMS's favorable action on November 21, 2005.  Id. at 3.  Rather

than waiting for the agency's final decision upon remand to be forwarded to it, however, Goleta

rushed to the courthouse steps and filed this action challenging the CMS Administrator's interim

remand decision.  The fiscal intermediary's notification to Goleta that the exemption was granted

is dated December 14, 2005.  Id. at 1.  The fiscal intermediary issued revised Notices of Program

Reimbursement on January 18, 2006 and made payment to Goleta for the exemption amount on

January 25, 2006.  Def.'s Mem., Ex. 5.

Upon learning that the fiscal intermediary had issued payment for the exemption amount,

agency counsel contacted Plaintiff's counsel who confirmed that payment had been received by

Goleta.  Agency counsel then discussed with Plaintiff's counsel the Secretary's view that this

case was moot.  Plaintiff was asked to voluntarily dismiss its lawsuit.  Plaintiff declined to do so.

The Secretary's position on this case was raised and discussed with counsel more than once, thus,

contrary to Plaintiff's suggestion, it should have come as no surprise when the Secretary filed a

motion to dismiss.  The Plaintiff, having refused to voluntarily dismiss, and failing to file an

amended complaint informing the Court that the cost limit exemption sought in the complaint

was not actually at issue, the Secretary was left with little choice but to file his motion to

dismiss.[2/]

At no time during discussions with Plaintiff did the Secretary agree that an answer should

be filed, that development of an administrative record would be necessary, or that a briefing

schedule should be adopted.  The Secretary takes offense at Plaintiff's statement that the

Secretary is being dilatory by filing his motion to dismiss.  <u>See</u> Pl.'s Mem. at 6.  The Secretary's

filing of his motion to dismiss is appropriate under the Federal Rules.  Fed. R. Civ. P. 12(b).

Moreover, dismissal of this action will preclude the senseless briefing of this matter on the

merits.  Rather, it is Plaintiff who is being unreasonable in maintaining this lawsuit for which it

has no jurisdictional basis, for which it has received payment for the underlying reimbursement

issue, and for which no additional relief is legally cognizable.  For the reasons discussed below,

and those discussed in the Secretary's memorandum in support of his motion to dismiss, this case

should be dismissed with prejudice.

---

[2/] It should be noted that even had Plaintiff filed an amended complaint, this action would still be moot.  However, the Secretary was surprised at Defendant's failure to notify the Court that the relief it sought, and to which its entire complaint was directed (except for two boilerplate references to interest and attorneys' fees in the first unnumbered paragraph and in its Prayer for Relief), was no longer at issue.  Plaintiff certainly had ample time to amend its complaint between December 14, 2005, the date of the fiscal intermediary's letter notifying it that the exemption had been granted, and February 28, 2006, the date that the Secretary filed his motion to dismiss.  To date, no such amendment has been filed.

# III. <u>ARGUMENT</u>

## A. <u>Standard of Review for Motion to Dismiss</u>

In its response memorandum, Plaintiff contends that "the Secretary has failed to discuss the standards for assessing such motions [to dismiss] in his memorandum of points and authorities." Pl.'s Mem. at 6. However, Plaintiff's assertion is erroneous. The Secretary laid out the applicable standard in summary form in his opening brief. <u>See</u> Def.'s Mem. at 8, n.9. Nevertheless, in the interest of thoroughness, the Secretary will restate the standard herein.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v. Capitol Police Bd.</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." <u>Rann v. Chao, Dep't of Labor</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), <u>aff'd</u>, 346 F.3d 192 (D.C. Cir. 2003), <u>cert. denied</u>, 125 S. Ct. 35 (2004).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. <u>See id.</u> Because, as a threshold matter, the Secretary does contest jurisdiction, the Secretary included exhibits to his motion to dismiss that demonstrated that: (1) Plaintiff

improperly appealed an interim agency decision (a remand order) and not a final agency decision; and (2) contrary to allegations made in the complaint, the exemption had been granted and Plaintiff had been paid pursuant to that remand.  See Def.'s Mem., Exs. 3, 4 & 5.

**B.  There is No Jurisdiction Over the Merits**

To the extent Plaintiff challenges the Secretary's remand decision, that decision is non-final.  In its response to the Secretary's motion to dismiss ("response memorandum"), Plaintiff does not dispute either that: (1) the Administrator remanded this matter to the agency and thus the hospital is not appealing a final decision on its cost limit exemption request, (see Complaint at 1); or (2) that, as a result of the remand, it has been paid the amount it sought through the cost limit exemption.  Pl.'s Mem. at 3.

Although Plaintiff obfuscates the facts in its response memorandum, it cannot dispute that it received no adverse final decision on the merits of its Medicare claims from the Secretary.  It received a favorable decision from the PRRB and the Administrator remanded the case to CMS for further action.[3/]  See Def.'s Mem., Ex. 3.  This remand resulted in another favorable decision and full payment and satisfaction of the cost limit dispute.  See Def.'s Mem., Exs. 4 & 5.  Plaintiff has no final determination adverse to its interests to appeal.

The Secretary submits that an administrative remand is simply not a final agency decision subject to judicial review.  Rather, it is analogous to the situation where a district court remands a matter to an agency for further review.  In that situation, where the district court's remand order contemplates significant further proceedings, the remand order is not a final appealable order.

---

[3/] In its response memorandum, Plaintiff incorrectly alleges that the Board decision "was reversed by the Administrator."  Pl.'s Mem. at 11.  This is inconsistent with allegations made in its complaint that the Administrator "vacated" and "remanded."  See Complaint at 1.

<u>Pueblo of Sandia v. Babbitt</u>, 231 F.3d 878, 880 (D.C. Cir. 2000). The U.S. Court of Appeals for the District of Columbia Circuit has made clear that, where the agency must perform more than mere ministerial acts and is instead to reconsider the facts, as was the situation presented in the instant case, no appeal will lie from a remand order. <u>Id.</u> at 881-82. Such remands are simply not final dispositions of the case that are subject to appeal. At the heart of the prohibitions on appeal of remands lie interests of judicial economy. <u>Id.</u> at 880. The same concerns apply equally to remands within the administrative agency.

A remand, by its very nature, is a decision by the agency that the administrative process is incomplete. As such, it is an order that additional steps need to be taken before the Secretary will issue a final decision appealable to district court. Indeed, the regulations contemplate that once the remanded actions are completed, a dissatisfied provider will be able to return to the Administrator for a final, appealable determination. 42 C.F.R. § 405.1873(h)(4). This policy avoids the possibility of piecemeal appeals and allows the agency the opportunity to correct errors and rule in favor of a hospital, thus potentially avoiding litigation entirely and conserving judicial resources. <u>See</u> <u>Pueblo of Sandia</u>, 231 F.3d at 880. This is precisely what happened in this case, with the Medicare reimbursement dispute resolved in the provider's favor pursuant to remand. Def.'s Mem., Ex. 4 at 2-3. The exemption was granted and instructions issued to the fiscal intermediary to make payment prior to Plaintiff's ever filing this suit. <u>Id.</u> Accordingly, Plaintiff obtained no appealable final decision adverse to its interests. Its efforts to appeal the remand should not be countenanced.

Nonetheless, in an effort to obtain interest and fees on an administrative award, Plaintiff essentially contends that the Administrator's remand order should be deemed to be a final agency

decision subject to judicial review.  See Complaint at 1-2.  Plaintiff's suggestion is inconsistent with common sense notions of finality and would have extraordinarily disruptive effects upon the orderly administration of the Medicare program.  Plaintiff's view would open up judicial review to ongoing administrative disputes, asking the courts to weigh in before the full record has been developed and before the Secretary has ruled on the claim.  Such a suggestion undermines the underpinnings of the Administrative Procedure Act ("APA") applicable to this case, which contemplates review of a final decision based upon a record.  See 42 U.S.C. § 1395oo(f)(1); 5 U.S.C. § 704 ("final agency action" is subject to judicial review); Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 96 ("the Secretary relies upon an elaborate adjudicative structure which includes the right to . . . judicial review in federal district court of final agency action."); Webster v. Doe, 486 U.S. 592, 599 (APA allows judicial review "so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court'"). Indeed, a court faced with an open administrative claim that is still under review by an agency, should itself remand the case to the agency for a final determination.  Plaintiff's request for such a premature insertion of the federal judiciary into administrative proceedings is baseless.

Thus, Goleta presents its argument simply to obtain interest on an administratively resolved dispute.  However, no such interest is allowed under the Medicare statute.  As will be discussed in more detail below, the Medicare statute allows a court to award interest to a provider who is found to be the prevailing party in a district court dispute over the Secretary's final determination on the amount of program reimbursement it receives in a fiscal year.  42 U.S.C. § 1395oo(f)(2).  The keystones of such an award are a final adverse decision by the Secretary that is appealed to the court and a court determination on the merits of the dispute in

favor of the provider.  Thus, the statute limits interest to prevailing parties in federal court cases,

not those who prevail administratively.  To obtain interest, Plaintiff attempts to convince this

Court that providers should be able to appeal cases to court even before the Secretary has ruled,

and for courts to accept cases even if the Secretary has ruled in favor of the provider.  There is no

basis for Plaintiff's theory.  The facts reveal that here the provider presents the Court with no

final determination of the Secretary to review.  Plaintiff obtained no such decision because the

Secretary remanded the case and the agency ordered the claim paid before the complaint was

filed.  Moreover, a court must have jurisdiction over an action at the time the complaint is filed.

See Fed. R. Civ. P. 12(b)(1); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)

("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the

complaint is filed.").  Even if jurisdiction were to come into being at some point after the

complaint is filed – and even this has not happened in the instant case – that does not cure the

jurisdictional defect that existed at the time of filing.  Id.  Thus, the case should be dismissed and

Plaintiff's interest and fees request should not even be considered.

**C.  The _Tucson_ and _S.C. Management_ Cases Are Irrelevant**

Plaintiff contends that Tucson Medical Center v. Sullivan, 946 F.2d 971 (D.C. Cir. 1991),

is controlling here and that the Secretary's motion to dismiss is somehow deficient for not

bringing this case to the Court's attention.  Pl.'s Mem. at 7-10.  However, the facts of Tucson are

completely different from the instant case and thus it is irrelevant to the situation at hand.  In

Tucson, the plaintiffs received a decision from the PRRB granting expedited judicial review

("EJR").  See Tucson Med. Ctr. v. Sullivan, 748 F. Supp. 28, 29 (D.D.C. 1990).  This was the

<u>final</u> decision of the Secretary as EJR decisions are not reviewable by the Administrator.[4/]

Accordingly, plaintiffs had sixty days from the decision to file for judicial review.  42 U.S.C.

§ 1395oo(f)(1); 42 C.F.R. § 405.1842(h).  As the <u>Tucson</u> plaintiffs had in hand an appealable

final decision of the Secretary, they filed their action with the district court.  <u>Id.</u>  The Secretary's

decision to pay the <u>Tucson</u> plaintiffs came thereafter.  <u>Id.</u>  Here, Plaintiff has sought judicial

review not of a final decision, but, as discussed above, an interim decision that kept the matter

open by remanding it to CMS for further agency action.  Because of the remand and ongoing

administrative proceedings that resulted in payment, Plaintiff obtained no adverse final decision

and, unlike the <u>Tucson</u> plaintiffs, its clock for judicial review was not running.  <u>Tucson</u> bears

little resemblance to this case.

 Furthermore, the U.S. Court of Appeals for the District of Columbia Circuit not only

noted that the plaintiffs in <u>Tucson</u> appealed from an adverse final decision of the Secretary, but it

found that interest was due because the lawsuit in <u>Tucson</u> was the catalyst for payment to those

providers.  <u>Tucson</u>, 946 F.2d at 983.  The court felt that, but for the lawsuit, the Secretary would

not have paid the providers' claims.  Such is not the case here.  Goleta's exemption was granted

by CMS on November 16, 2005, several weeks prior to Goleta's filing of its lawsuit on

December 5, 2005.  Def.'s Mem., Ex. 4 at 2-3.  Thus, Plaintiff's lawsuit in no way served as a

catalyst for the granting of the cost limit exemption.  Indeed, in light of the remand, the Secretary

had no reason to believe the suit would be filed.  Thus, <u>Tucson</u> is clearly distinguishable and

---

[4/] The Medicare statute provides that providers have the right to judicial review of an agency action of the fiscal intermediary that the Board determines involves a question of law or fact "that it is without authority to decide."  42 U.S.C. § 1395oo(f)(1).  Such determinations are not reviewed by the Administrator, but proceed directly to federal court.  42 C.F.R. § 405.1842(h).

effectively irrelevant.

Likewise, a second case relied upon by Plaintiff, <u>S.C. Management v. Leavitt</u>, No. 05-12 (CDP), 2005 WL 3263279 (E.D. Mo. Dec. 1, 2005), an unreported decision from another district court that is not controlling here, is similarly irrelevant to the situation presented by Goleta. That case, like <u>Tucson</u>, and unlike the case at bar, was properly appealed to the district court based on a final decision of the Secretary. <u>S.C. Management v. Leavitt</u>, No. 05-12 (CDP), slip op. at 7 (E.D. Mo. Nov. 9, 2005) ("CMS Administrator declined to review the PRRB's decision, making the PRRB decision the final agency decision.") (attached hereto as Ex. 1). Interest was awarded by the district court, in the supplemental order that appears on Westlaw, based on the <u>court's</u> ruling that the provider was entitled to a new provider exemption. <u>S.C. Management</u>, 2005 WL 3263279, at *1. Again, unlike the <u>S.C. Management</u> plaintiff, which obtained a final decision from the Secretary denying a cost limit exemption, in the instant case the agency has determined that the exemption should issue. Plaintiff herein presents no final decision from the Secretary denying payment. Accordingly, the Court has no jurisdiction over the exemption dispute and Plaintiff cannot meet the threshold requirements for interest under the Medicare statute. 42 U.S.C. § 1395oo(f)(2); <u>National Med. Enterprises</u>, 960 F.2d at 869-70.

**D. Plaintiff is Not Entitled to Interest**

1. The Waivers Of Sovereign Immunity Allowing Interest From The Medicare Trust Funds Must Be Strictly Construed In Favor Of The Sovereign.

The doctrine of sovereign immunity effectively limits a provider's right to interest on Medicare reimbursement claims to that which is authorized by the Medicare statute, 42 U.S.C. § 1395oo(f)(2). It is axiomatic that the United States is immune from suit except where its

sovereign immunity has been expressly waived, and that waivers of sovereign immunity are to be strictly construed. Lehman v. Nakshian, 435 U.S. 156, 160 (1981); United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Moreover, only Congress may waive the sovereign immunity of the United States. Block v. North Dakota, 461 U.S. 273, 280 (1983). Therefore, the courts have uniformly pronounced that, absent a waiver of its immunity, the Government is immune from claims for attorneys' fees, costs and damages. See, e.g., United States v. Testan, 426 U.S. 392, 400 (1976); Alyeska Pipeline Co. v. Wilderness Security, 421 U.S. 240, 266-68 and n.42 (1975).

Furthermore, "[a]part from the constitutional requirements, in the absence of a specific provision by contract or statute, or 'express consent . . . by Congress' interest does not run on a claim against the United States." United States v. Louisiana, 446 U.S. 253, 264-65 (1980), reh'g denied, 447 U.S. 930 (1980) (citations omitted). See also 28 U.S.C. § 246(c) ("Interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a contract or Act of Congress expressly providing for payment thereof.") The Supreme Court has held that, where a limited waiver of sovereign immunity has been provided by Congress, not only must that waiver be strictly construed but it must, in fact, be construed, in favor of the sovereign. Library of Congress v. Shaw, 478 U.S. at 319; McMahon v. United States, 342 U.S. 25, 27 (1951). Plaintiff's arguments ignore this fundamental precept, requesting instead that the Court take an expansive view of the interest provisions contemplated in the Medicare statute and award interest where a plaintiff prevails on its reimbursement claim not in federal court, but at the administrative level. Such an expansion is unsupported by the statute and longstanding judicial precedent.

12

As noted above, under the Medicare statute, 42 U.S.C. § 1395oo(f)(2), Congress provided that where a provider seeks judicial review of a Medicare reimbursement determination, pursuant to 42 U.S.C. §§ 1395oo(a) and 1395oo(f)(1), "the amount in controversy shall be subject to annual interest . . . to be awarded by the reviewing court in favor of the prevailing party."  The Secretary's regulation, which implements section 1395oo(f)(2), mimics this statutory language. See 42 C.F.R. § 413.64(j).  Specifically, the regulations provide that where a hospital secures an additional award of reimbursement from a reviewing court, "the amount of any award of such federal court shall be increased by interest payable by the party against whom the judgment is made . . .."  42 C.F.R. § 413.64(j)(1).  The regulations continue by noting that 42 U.S.C. § 1395oo(f)(2) "authorizes a court to award interest in favor of the prevailing party on any amount due as a result of the court's decision."  Id. at § 413.64(j)(2) (emphasis added).

Accordingly, the interest provision contained at section 1395oo(f)(2) necessarily presupposes that the plaintiff has properly brought a Medicare reimbursement dispute to the federal court for review pursuant to 42 U.S.C. § 1395oo(f)(1).  The party that prevails on that reimbursement dispute will be entitled to interest on the amount in controversy.  See National Med. Enterprises, 960 F.2d at 870.  In the instant case, Plaintiff fails to meet the jurisdictional requirements for judicial review of the underlying reimbursement dispute concerning its new provider exemption because the provider has no appealable final decision from the Secretary on that claim.  Hence, the Court must find that Goleta cannot "prevail" on those claims in this Court and, therefore, cannot qualify for interest under section 1395oo(f)(2).

13

2. This Court Lacks Jurisdiction Over The Underlying Reimbursement Issue Because Plaintiff's New Provider Exemption Was Granted By The Secretary Prior To The Filing Of The Complaint, Thereby Mooting Any Challenge Concerning That Claim.

As noted above, Plaintiff uses a remand ruling from the Administrator as the hook for judicial review of its cost limit payment challenge and all derivative issues. Because the remand is not a final decision subject to judicial review, this Court lacks jurisdiction under the Medicare statute to entertain the cost limit dispute and its derivatives. Moreover, Plaintiff concedes, as it must, that the Secretary paid its cost limit reimbursement claim as a result of the remand. The Secretary's payment of Plaintiff's new provider exemption claim means that there is no live case or controversy between the parties with respect to that claim. Mootness occurs "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) quoting Powell v. McCormack, 395 U.S. 486, 496 (1969). "[T]he Court 'is not empowered to decide moot questions or abstract propositions,' . . . our impotance 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citations omitted). See also Steffel v. Thompson, 415 U.S. 452, 459 (1974).

Plaintiff cannot deny that its underlying reimbursement claim for a new provider exemption was awarded by the Secretary before it filed the instant complaint. Thus, there was no Medicare reimbursement dispute underlying Goleta's request for interest at the time the complaint was filed. Since relief was granted before the action was filed, "the question sought to be adjudicated has been mooted by subsequent developments." Flast v. Cohen, 392 U.S. 83, 95 (1966). The full satisfaction of Plaintiff's reimbursement claim leaves Plaintiff without "a legally

14

cognizable interest in the outcome" of its challenge to the Secretary's decision. Powell v. McCormack, 359 U.S. at 496. The courts have been clear in enunciating that where a dispute becomes moot it must be dismissed for lack of jurisdiction. North Carolina v. Rice, 404 U.S. at 246. ("Mootness is a jurisdictional question."); DeFunis v. Odegard, 416 U.S. 312, 316 (1974) ("The established . . . practice in dealing with a civil case from a court in the federal system which has become moot . . . is to . . . dismiss"); Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979); United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).

The Secretary has fully satisfied Plaintiff's claim for a new provider exemption and that claim has been rendered moot. Therefore, any attempt to bring that claim before the Court should be doomed to failure for lack of jurisdiction under the Article III case or controversy requirement. Flast v. Cohen, 392 U.S. at 95; North Carolina v. Rice, 404 U.S. at 246; Great Western Sugar Co. v. Nelson, 442 U.S. at 93. Because Plaintiff's underlying reimbursement claim would necessarily need to be dismissed under Article III, it cannot prevail on the merits of that claim before the Court and cannot meet the fundamental requirements for interest pursuant to 42 U.S.C. § 1395oo(f)(2). National Med. Enterprises, 960 F.2d at 869-70.

> 3. Plaintiff Has No Final Decision From The Board On Its Interest Claims, Therefore, The Court Is Without Jurisdiction Over Those Claims Pursuant to 42 U.S.C. § 1395oo(f)(1) And Cannot Award Interest Pursuant To 42 U.S.C. § 1395oo(f)(2).

As discussed above, the courts have succinctly noted that a final determination on a provider's Medicare reimbursement claims from the Secretary is a necessary prerequisite to judicial review of those claims. See also Pacific Coast Med. Enterprises v. Harris ("PCME"), 633 F.2d 123, 128 (9th Cir. 1980); Hopewell Nursing Home v. Califano, 666 F.2d 34 (4th Cir.

1981); VNA of Greater Tift County v. Heckler, 711 F.2d 1029 (11th Cir. 1983), cert. denied, 466

U.S. 1908 (1984).  Goleta did present its cost limit reimbursement claims to the Secretary.

However, Plaintiff has not obtained any decision on the merits of its interest claims through the

administrative process.  Since the Secretary has paid the new provider exemption, Goleta fails to

bring any adverse final decision on the merits of any payment claim to the district court for

review.  The Court must recognize that, without such a final decision, it has no jurisdiction to

review Plaintiff's interest claims.  PCME, 633 F.2d at 138.  Without jurisdiction over any

underlying claims for payment, a court cannot award interest under 42 U.S.C. § 1395oo(f)(2).

Riley Hosp. & Benevolent Ass'n v. Bowen, 804 F.2d 302, 305 (5th Cir. 1986); National Med.

Enterprises, 960 F.2d at 869-70.

> 4.  The Full Satisfaction Of Plaintiff's Reimbursement Claims At The Administrative Level Does Not Make It The Prevailing Party Within The Meaning Of 42 U.S.C. § 1395oo(f) (2).

Plaintiff clearly cannot obtain interest under the specific language of 42 U.S.C. §

1395oo(f)(2), which requires it to be the prevailing party in court on its cost limit challenge.  Id.

It therefore appears to be asking this Court to expand section 1395oo(f)(2) to grant interest to the

party that prevails at the administrative level, not just to the party that prevails in court.  Clearly

this is not what the statutory language provides.  Plaintiff's suggestion flies squarely in the face of

the Supreme Court's admonition that waivers of sovereign immunity, such as that provided for in

section 1395oo(f)(2), be not only strictly construed by the courts, but construed in favor of the

sovereign.  Library of Congress v. Shaw, 478 U.S. at 319; McMahon v. United States, 342 U.S.

at 27.  Block v. North Dakota, 461 U.S. at 280.

Plaintiff did not and cannot win in court on its new provider exemption claims.  There is

no underlying reimbursement debate and Goleta has been paid.  Thus, there is no amount in controversy upon which to award interest.  Accordingly, Goleta simply cannot meet the statutory requirements for an interest award.

### E.  Plaintiff is Not Entitled to Attorneys' Fees

Although Plaintiff makes passing references to attorneys' fees in its Complaint (first unnumbered paragraph and the Prayer for Relief), such request is easily dispatched.  The Medicare statute does not provide for attorneys' fees, thus the only provision for such fees in Medicare cases is under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504; 28 U.S.C. § 2412(d)(3).  Plaintiff appears to recognize as much, as its response to the Secretary's motion to dismiss notes that it is under EAJA that it is seeking such fees.  See Pl.'s Mem. at 9, n.4.  However, EAJA applies only to court cases and not to administrative proceedings.  28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party . . . fees . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . .") (emphasis added).  See also 28 U.S.C. § 2412(b).  Thus, under EAJA, a party is ordinarily not eligible to recover attorneys' fees from the federal government for administrative proceedings.  See Levernier Constr., Inc. v. United States, 947 F.2d 497, 503 (Fed. Cir. 1991).  Therefore, Plaintiff could only potentially receive fees with respect to the litigation of this case in federal court.  Fees will not attach to costs associated with the administrative proceedings.  Nonetheless, a threshold step in obtaining any fees under EAJA is, among other things, the requirement that the requesting party be the "prevailing party" in the district court case.  For all the reasons noted above, Plaintiff cannot meet that requirement.  Accordingly, attorneys' fees are unavailable for this claim.

IV. **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Secretary's opening brief,

the Secretary respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

_____/s/_____

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____/s/_____

PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372


_____/s/_____

PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1895


OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
 Counsel for Litigation

United States Department of
 Health and Human Services