UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOLETA VALLEY COMMUNITY
HOSPITAL,

   Plaintiff,

     v.

MICHAEL O. LEAVITT, Secretary of
Health and Human Services,

   Defendant.

Civil Action No. 05-2323
DAR

**MEMORANDUM OPINION AND ORDER**

     Defendant's Motion to Dismiss (Docket No. 7) is pending for determination by the undersigned. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Defendant's motion will be **GRANTED**.

**I. BACKGROUND**

     Plaintiff, Goleta Valley Community Hospital ("Goleta"), brings this complaint seeking judicial review of Defendant's actions. Complaint, ¶¶ 1-2. Plaintiff operated a Respite Guest Weekend Program from 1988 through 1998. Id., ¶ 5. In 1994, Plaintiff opened a new and separate skilled nursing facility unrelated to the Respite Guest Weekend Program. Id. Medicare provides for new providers an exemption from Medicare's routine cost limits in calculating reimbursement to providers for costs associated with skilled nursing facilities that have been Medicare-certified for less than three years. Id., ¶ 6. Plaintiff qualified for this exemption in 1997 and filed the necessary paperwork with its Medicare fiscal intermediary ("Intermediary"). Id. In seeking the exemption, Plaintiff timely appealed adjustments its Intermediary had made in

Goleta v. Leavitt                                                                                                          2

previous cost reports where the routine cost limits were applied so that the exemption could be applied to those cost reports.  Id., ¶ 7.

The Intermediary and the Centers for Medicare and Medicaid Services ("CMS"), in considering the exemption, had concerns about whether the Respite Guest Weekend Program was a skilled nursing facility or equivalent, which would preclude Plaintiff from receiving the exemption.  Id., ¶ 8.  Plaintiff corresponded with the Intermediary and CMS for months, and provided additional information in support of its exemption application.  Id., ¶ 9.  After several months CMS informed Plaintiff and the Intermediary that it was denying Plaintiff's request for an exemption as a new provider due to lack of documentation and this was a final determination by CMS and the Intermediary.  Id., ¶¶ 9, 36.

Plaintiff timely filed an appeal of the final determinations made by CMS and the Intermediary to the Provider Reimbursement Review Board ("Board").  Id., ¶ 10.  The Board consolidated the appeals so they would be heard simultaneously.  Id.  Legal counsel for Plaintiff and CMS/Intermediary stipulated that there were two separate issues before the Board.  Id.  The first issue was whether Plaintiff provided sufficient evidence to enable CMS to make a decision on Plaintiff's request for the exemption from the routine cost limits for its new skilled nursing facility.  Id.  If the first issue had been decided in Plaintiff's favor, then the second issue would have been whether Plaintiff was entitled to a new provider exemption to the reasonable cost limits for the cost reporting periods at issue.  Id.  The board decided that Plaintiff did provide sufficient evidence with regard to the first issue, and with regard to the second issue, that Plaintiff was entitled to the exemption.  Id.

The Administrator of CMS ("Administrator") then reviewed the Board's decision and

Goleta v. Leavitt                                                                                                                    3

agreed that Plaintiff provided sufficient evidence for an exemption request. Id., ¶ 12. The Administrator vacated the Board's decision as to the merits of granting the exemption and remanded the cases to CMS. Id. Plaintiff challenges the Administrator's decision in the instant complaint seeking judicial review. Id., ¶ 13.

On remand, CMS reevaluated Plaintiff's request for an exemption and granted it on November 16, 2005 in a letter to the Intermediary. Defendant's Motion to Dismiss ("Def. Motion") at 9. The Plaintiff filed its complaint on December 5, 2005, was notified that the exemption was granted on December 15, 2005, and received payment consistent with its exemption request on January 25, 2006. Id.

## II.  CONTENTIONS OF THE PARTIES

In its motion to dismiss, Defendant contends that the action should be dismissed because this court does not have jurisdiction to review the Administrator's decision because it was not final. Def. Motion at 10. Defendant states that by operation of 42 U.S.C. §§ 405(h), 1395ii that 42 U.S.C. § 1395oo(f) is the exclusive source of federal court jurisdiction over Medicare provider reimbursement disputes. Id. It is Defendant's contention that "[t]he touchstone for judicial review of all Medicare disputes is a final decision of the Secretary." Id. at 11. The decision of the Administrator to remand Plaintiff's case to CMS for further review was based on his determination that there was sufficient evidence for CMS to make a decision, and his consideration of case law that had developed after CMS first reviewed the matter. Id. at 12. Defendant cites 42 C.F.R. § 405-1875(h)(4) to support its contention that the Administrator's decision was not a final, but an interim, decision. Id. The Defendant, in the alternative, argues

Goleta v. Leavitt                                                                                                                                4

that even if the court does assert jurisdiction over this matter, the court should dismiss the matter as moot because when the Administrator remanded the case, the exemption was granted and Plaintiff received its money. Id. at 14. It is Defendant's contention that there is no adverse decision to appeal since Plaintiff has received the exemption and the money. Id. at 16. The court has nothing to remedy, therefore the matter is moot. Id.

Plaintiff, in Plaintiff Goleta Valley's Response to the Secretary's Motion to Dismiss ("Plaintiff's Opp."), submits that Defendant's motion should be denied because the issues addressed would be best answered after filing the administrative record. Plaintiff's Opp. at 6-7. Plaintiff contends that its claim is not moot because it is seeking interest and attorneys fees related to the failure of Defendant to provide reimbursement for ten-year old reimbursement claims. Id. at 7. Plaintiff contends that Defendant does not discuss the issue of Plaintiff's request for attorneys fees and interest in its motion to dismiss because Defendant thinks Plaintiff's Complaint is moot. Id. at 7-8. Plaintiff submits that according to 42 U.S.C. § 1395oo(f)(1), providers have the right to "judicial review of any final decision of the Board or any reversal, affirmance, or modification made by the Secretary." Id. at 10. Plaintiff submits that the decision of the Administrator to remand the Board's decision was a reversal and Plaintiff believes it can seek judicial review of that decision. Id.

In Defendant's Reply to Plaintiff's Response ("Def. Reply") the Defendant contends that the Administrator's remand decision was a non-final decision and that an administrative remand is not a final agency decision subject to judicial review. Def. Reply at 6. The Defendant contends that the two cases Plaintiff relies on in its opposition, Tucson Medical Center v. Sullivan, 946 F.2d 971 (D.C. Cir. 1991), and S.C. Management v. Leavitt, No. 05-12 (CDP),

Goleta v. Leavitt                                                                                                                   5

2005 WL 3263279 (E.D. Mo. Dec. 1, 2005), are not relevant to the issues in this case. Id. at 10-11.  Defendant contends that Plaintiff is not entitled to interest because the Medicare statute only allows a party to receive interest if the party prevails and secures an additional award of reimbursement from a reviewing court. Id. at 13.  Defendant argues that Plaintiff is not entitled to interest because it did not appeal a final decision and the full satisfaction of its reimbursement claim at the administrative level does not make it a prevailing party in regards to receiving interest. Id. at 15-16.  Defendant submits that Plaintiff is therefore not entitled to attorneys' fees.

### III. STATUTORY FRAMEWORK

The Medicare program was created under the Social Security Act to provide federally-funded health insurance for payment of covered services to the elderly and some disabled persons. See 42 U.S.C. §§ 1395-1395hhh.  The Medicare program provides for reimbursement of the reasonable costs of certain inpatient hospital and post-hospital care services, such as those located at skilled nursing facilities (SNF). 42 U.S.C. § 1395f(b)(1).  A SNF is an institution or distinct part of an institution that primarily furnishes to residents either skilled nursing care and related services or rehabilitation services. 42 U.S.C. § 1395i-3(a).

*Reasonable Cost Reimbursement*

The Medicare statute provides that providers such as a SNF shall be reimbursed for the reasonable costs of providing services to Medicare beneficiaries excluding all costs "found to be unnecessary in the efficient delivery of needed health services." 42 U.S.C. § 1395x(v).  The Secretary has the authority to decide how to limit the reimbursement of reasonable costs to providers. Id.  The Congressional requirement that Medicare reimburse only reasonable costs

Goleta v. Leavitt                                                                                                           6

applies to routine service costs which can be determined on a per admission, per discharge, per diem or other basis. 42 C.F.R. § 413.30. Determining the amount of routine service costs that a free-standing SNF will be reimbursed for is "112% of the adjusted average amount of per diem routine service costs incurred by similar SNFs nationwide adjusted to the prevailing wage rates of SNFs in the area." Milton Hosp. Transitional Care Unit v. Thompson, 377 F. Supp. 2d 17, 20 (D.D.C. 2005) (citing 42 U.S.C. § 1395yy(a)). Anything that is above the routine cost limit is considered unnecessary and is not reimbursable. Id. The calculation for routine cost limits for hospital-based SNFs like Plaintiff's is different. Id. The routine cost limits for a hospital-based SNF is the free-standing SNF limit plus one-half of the difference between the free-standing limit and 112% of the average per diem routine costs of hospital-based SNFs. See 42 U.S.C. § 1395yy(a)(3)-(4).

*New Provider Exemption*

The Secretary recognizes that there may need to be exceptions to the routine service cost limits and has used his authority to adust the limitations to the "extent the Secretary deems appropriate. . . ." 42 U.S.C. § 1395yy(c). The Secretary created an exemption from routine cost limits for new providers of skilled nursing facility. 42 C.F.R. 413.30(d);[1] see 42 C.F.R. 413.1(g). Skilled Nursing Facilities with cost reporting periods that start before July 1, 1998 may be exempt from the routine service cost limits if the SNF is "a provider of inpatient services that has operated as the type of SNF (or the equivalent) for which it is certified for Medicare, under present and previous ownership, for less than three full years." Id. The exemption, if granted,

---

[1] Previously codified under 42 C.F.R. 413.30(e) (1997).

Goleta v. Leavitt                                                                                                                        7

"expires at the end of the SNF's first cost reporting period beginning at least two years after the provider accepts its first patient." Id.  The new provider exemption "was meant to 'allow a [new] provider to recoup the higher costs normally resulting from low occupancy rates and start-up costs during the time it takes to build its patient population.'" St. Elizabeth's Med. Ctr. v. Thompson, 364 U.S. App. D.C. 492 (D.C. Cir. 2005) (citing Paragon Health Network v. Thompson, 251 F.3d 1141, 1149 (7th Cir. 2001)).

## STANDARD OF REVIEW

It is 42 U.S.C. § 1395oo(f)(1), which incorporates 42 U.S.C. § 405(h), that is the primary basis for judicial review of a decision made by the Board or Secretary.  Any mention of Secretary in the statute is also to refer to the actions of the Administrator. 42 U.S.C. § 1395ii.  The provider may seek judicial review of any "final decision by the Board or of any reversal, affirmance, or modification by the Secretary" if it files a civil action within 60 days of receiving notice of the decision.  42 U.S.C. § 1395oo(f)(1).

Under the Medicare statute, judicial review of reimbursement by Medicare is governed by the standards set by the Administrative Procedure Act ("APA"). Larkin Chase Nursing & Restorative Ctr. v. Shalala, 2001 U.S. Dist. LEXIS 23655; see 42 U.S.C. § 1395oo(f)(1).  The APA provides that a court shall set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence in a case . . . reviewed on the record of an agency hearing provided by statute.  5 U.S.C. § 706(2).  The court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Goleta v. Leavitt                                                                                                                              8

## DISCUSSION

Defendant believes Plaintiff's complaint should be dismissed because this court lacks jurisdiction to review the Administrator's decision to vacate the Board's decision to grant Plaintiff the new provider's exemption and to remand it to CMS to decide the issue.  Defendant states that the United States, as a sovereign, is immune from suit unless it consents and its terms for consent to be sued in any court define the jurisdiction the court has to hear the suit (citing Lehman v. Nakishian, 453 U.S. 156 (1981)).  Def. Motion at 10.  Congress may determine the procedures and conditions under which judicial review of administrative orders are able to be obtained (citing Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958); American Power & Light Co. v. S.E.C., 325 U.S. 385, 389-90 (1945)).  Id.  Both parties agree that the 42 U.S.C. § 1395oo(f) is the relevant statute that the court should use to determine if it has jurisdiction over this matter.  Id. at 11; Plaintiff's Opp. at 10.

The undersigned finds that "Congress, acting within its constitutional powers, may prescribe the procedure and conditions under which, and the courts in which, judicial review of administrative orders may be had." Public Util. Dist. No. 1 v. FERC, 270 F. Supp. 2d 1, 4 (D.D.C. 2003).  The Social Security Act, which includes Medicare, requires that any review of a final decision made by the United States, Commissioner of Social Security, or any employee shall not be brought except as "herein provided." 42 U.S.C. § 405(h).  In 42 U.S.C. § 1395ii, 42 U.S.C. § 405(h) is incorporated into 42 U.S.C. § 1395 et seq.; therefore, 42 U.S.C. § 1395oo(f) is the only way a provider can seek judicial review of a decision made by the Board or the Administrator.

Goleta v. Leavitt 9

"Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary . . . ." 42 U.S.C. § 1395oo(f)(1). Defendant contends that a final decision of the Secretary is a prerequisite to judicial review (citing Athens Cmty. Hosp., Inc. v. Schweiker, 686 F.2d 989, 993-994 (D.C. Cir. 1982)). Def. Motion at 11-12. Defendant moves the court to dismiss the case because Plaintiff seeks judicial review of the Administrator's decision to remand the case to CMS, which, pursuant to 42 C.F.R. § 405-1875(h)(4), is not a final decision by the Secretary. Id. at 12-13. The Defendant compares the requirement that all issues raised in a provider's appeal be finally decided before the provider seeks judicial review to the rule requiring a party to receive "final judgment" from a district court before going to the court of appeals. Id. at 13. Defendant submits that it is mindful that district court remands are normally not appealable unless the order at issue is a final resolution of an "important legal issue and review of that issue would be foreclosed as a practical matter if an immediate appeal was not undertaken." Id. at 14. The Administrator's decision to remand was fact-based and not based on an important legal issue requiring immediate review by this court. Id.

Plaintiff contends that the Administrator's decision was to reverse the Board and then remand the case to CMS for further review. Plaintiff's Opp. at 10. The Board found that Plaintiff was entitled to the new provider's exemption, and that this decision would have been final if the Administrator had not reversed it. Id. Plaintiff, citing 42 C.F.R. 450.1877, submits that judicial review can be sought if there has been a final decision by the Board or a reversal, affirmance, or modification by the Administrator. Id. at 10-11.

The Plaintiff refers to the decision made by the Administrator to vacate the Board's

Goleta v. Leavitt                                                                                                                            10

decision and remand it to CMS as a reversal of the Board, and contends that Defendant refers to the decision in the same manner. Id. at 10. However, the Plaintiff misconstrues the Defendant's position because Plaintiff refers to the action taken by the Administrator as a remand, not a reversal. See Def. Reply at 6; Def. Motion Exhibit 4 at 6. The Plaintiff originally claimed that the Administrator vacated the decision of the Board to grant the new provider exemption and remanded the issue for CMS to determine if the exemption should be granted. Complaint at 1. Plaintiff did not refer to the Administrator's action as a reversal until it filed its opposition to the Defendant's motion. See Plaintiff's Opp. at 10.

If the Administrator decides to review a decision made by the Board, he or she may affirm, reverse, remand, or modify the decision. 42 C.F.R. § 405.1875(g)(1). If the Administrator remands an action to the Board, the new decision by the Board "will be final unless the Administrator reverses, affirms, modifies, or again remands the decision . . . ." 42 C.F.R. § 405.1875(h)(4). In revising 42 C.F.R. § 405.1875(g)(1) in 1983, consideration was given to whether a remand by the Administrator should be subject to judicial review, but that suggestion was not accepted. Administrator's Review of Provider Reimbursement Review Board Decisions, 48 Fed. Reg. 45,766 (October 7, 1983) (to be codified at 42 C.F.R. pt 405). A provider may seek judicial review of "any final decision of the Board or of any reversal, affirmance, or modification by the Secretary. . . ." 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877(a).

The Plaintiff is seeking judicial review of the decision made by the Administrator to vacate the Board's decision to grant Plaintiff the new provider exemption and remand the issue to CMS to decide. Complaint, ¶ 55; Def. Motion, Exhibit 4 at 6. The issue before the Board was

Goleta v. Leavitt                                                                                                                           11

whether CMS was correct in denying Plaintiff the new provider exemption because Plaintiff failed to provide CMS with all the documents it requested.  Complaint, ¶ 54; Def. Motion, Exhibit 4 at 5.  The Administrator upheld the Board's decision that Plaintiff met the documentation requirement CMS needed to make a decision about the exemption, but vacated the Board's decision to grant the exemption because CMS had not rendered a final determination as to the merits of the request, and the Board did not have authority to decide the matter.  Complaint, ¶¶ 54-55; Def. Motion, Exhibit 4 at 6.  Plaintiff contends that it can seek judicial review because the Administrator's decision was arbitrary, capricious, an abuse of discretion and unsupported by substantial evidence which caused the Defendant to unlawfully withhold and unreasonably delay agency action.  Complaint, ¶ 57.  However, the undersigned finds that Administrator did not act as the Plaintiff claims.  The Administrator vacated the Board's decision to grant the exemption because CMS had not made a final decision on the matter, and therefore review by the Board was not available.  Def. Motion, Exhibit 4 at 6.  The undersigned finds that the Administrator's decision was based on his interpretation of 42 U.S.C. § 1395oo(a); normally, "a court gives great weight to the responsible agency's interpretation of the statute it administers."  Ozark Mountain Regional Rehabilitation Center, Inc. v. HHS, Provider Reimbursement Review Bd., 789 F. Supp. 16, 20 (D.D.C. 1992).  The Administrator acted in accordance with the relevant statutes, therefore his actions did not unlawfully withhold nor unreasonably delay agency action.

### V.  CONCLUSION

Upon consideration of the Defendant's Motion to Dismiss, the memoranda in support

Goleta v. Leavitt                                                                                                                                    12

thereof and in opposition thereto and the entire record herein, the undersigned finds, for the reasons set forth herein, that Defendant has shown that the court does not have jurisdiction to review the Administrator's Decision as requested by Plaintiff.  The undersigned further finds that because it does not have jurisdiction, no consideration of Plaintiff's other requests will be undertaken.  Defendant's Motion to Dismiss therefore is **GRANTED**.


December 21, 2006                                                                    /s/
                                                                            DEBORAH A. ROBINSON
                                                                            United States Magistrate Judge