UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary of<br> Health and Human Services<br><br>  Defendant. | Civil No. 05-2323 (DAR)<br>*ECF* |

## PLAINTIFF GOLETA VALLEY'S MOTION FOR NEW TRIAL OR TO ALTER JUDGMENT, OBJECTIONS TO MAGISTRATE JUDGE'S RULING, AND MOTION FOR RECONSIDERATION

Plaintiff Goleta Valley Community Hospital ("Goleta") respectfully files this Motion for New Trial and to Alter or Amend the Judgment, Objections to the Magistrate's Ruling, and Motion for Reconsideration. In support thereof, Goleta would respectfully show the Court as follows:

1. This proceeding concerns judicial review, under 42 U.S.C. § 1395oo(f)(1), of a Medicare reimbursement decision from Defendant Leavitt, the Secretary of the United States Department of Health and Human Services. Goleta began this process in March 1995 and has been met with delay after delay in this decade-long process for reimbursement.

2. Goleta's petition for judicial review was assigned to Magistrate Judge Deborah Robinson. No consent was filed by Goleta; thus, it is presumed that the assignment was made pursuant to D.C. Dist. Ct. Loc. R. 72.3(a)(7).

1

3. The Secretary filed a motion to dismiss under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On December 21, 2006, Magistrate Judge Robinson granted the motion to dismiss, entering an order of dismissal for want of jurisdiction.

4. The vehicle for seeking review of the December 21, 2006 dismissal is unclear. The order is couched as one of final disposition, and for this reason Goleta files this motion under Fed. R. Civ. P. 59, seeking a new trial under Rule 59(a) or to amend or alter the judgment under Rule 59(e). In the alternative, Goleta objects to the order of dismissal under D.C. Dist. Ct. Loc. R. 72.3(b) and/or seeks reconsideration under D.C. Dist. Ct. Loc. R. 72.2(b).

5. The only variable is the procedural manner in which Goleta's motion and objections are addressed. The same grounds and arguments are raised as appropriate under each one of the potential motions or objections, and all procedural methods of review have the same 10-day time period. These motions and objections are timely filed as of January 8, 2007, as intervening weekends and legal holidays have not been counted. Fed. R. Civ. P. 6(a).

6. Goleta objects that the Magistrate Judge's dismissal for want of jurisdiction is in error and contrary to law, since the petition may be construed as stating facts and circumstances for which the Court would have authority to review the Administrator's decision (on behalf of the Secretary) to "vacate" the PRRB's decision granting Goleta the new-provider exemption and remand the case for consideration to the Intermediary.

7. The PRRB decision granting the exemption was final (and had reviewed a final decision of the Intermediary denying Goleta's request for an exemption). Judicial review of claims arising under the Medicare program is provided by 42 U.S.C. § 1395oo(f)(1), which states: "Providers shall have the right to obtain judicial review of any final decision of the Board, *or of any reversal, affirmance, or modification of the Secretary. . . ."* (emphasis added); *see also*

2

42 C.F.R. 450.1877(a). Here, the Administrator vacated the Board order and remanded the issue to consideration by the Intermediary.

8. The Magistrate Judge's order of dismissal focuses on the "remand," but the Administrator's vacatur of the PRRB decision should be viewed as a reversal subject to judicial review by this Court.

9. First, there could be no remand if the Administrator did not overturn the PRRB's decision, which is what the Administrator did—irrespective of what the Administrator called its action regarding disposition of the PRRB's decision.

10. Second, the remand accomplished nothing new, but rather reflected Goleta's entitlement to the new provider exemption. With the Administrator already having found Goleta's application for the exemption sufficient and complete, the only evidence reflected granting Goleta the exemption for the amount of reimbursement claimed; there was no evidence to the contrary, and there could be any additional evidence. Thus, the only potential result on remand would have been granting Goleta's claim for reimbursement, which the PRRB had already done. The only evidence dictated payment of all reimbursements claimed by Goleta. In fact, this is what happened. This procedural maneuver was designed solely to avoid paying interest for a claim that had been fully and completely presented a decade ago (and of course to avoid judicial review).

11. Third, the remand was to consider a new case, and this arguably would have been precluded under 42 C.F.R. § 405.1875(h)(2)(ii). Again, consideration of this new case would only have required granting Goleta the new provider exemption, which the vacated PRRB decision had already accomplished.

12.     Fourth, nothing really happened on remand. The CMS Intermediary paid Goleta the reimbursement to which Goleta was entitled (everything Goleta had claimed), albeit without any provision for interest for the decade long delay in making reimbursement, which is an underpayment under 42 C.F.R. § 405.378. The Administrator thus used the remand as a basis for avoiding the Court's review of interest. The matter of interest is not the type of issue subject to deference or delay in review. *S.C. Management, Inc. v. Leavitt*, No. 1:05-cv-12, 2005 WL 3263279, *1 (E.D. Mo. Dec. 1, 2005); *Tucson Medical Center v. Sullivan*, 947 F.2d 971, 982 (D.C. Cir. 1991).

13.     If the Secretary is permitted to engage in this tactic of remand, then the practical result following is that the interest procedures outlined in 42 C.F.R. § 405.378 and 42 U.S.C. § 1395oo(f)(2) are rendered illusory. The Secretary may delay for a decade in paying a claim, and then when it is clear to all that the claim is without dispute, remand the matter for "consideration." Upon remand, a *revised* NPR will be issued vindicating the provider's position. However, the Secretary will argue that the provider is not entitled to interest because it was paid within 30 days of the *revised* NPR. The interest remedy is illusory; the Secretary can potentially defeat interest by deciding when it is ready to pay. This administrative conduct is arbitrary at best and should be judicially reviewed by the Court.

14.     At this time, Goleta is being forced to pursue its claim for interest under two tracks. Based upon the Secretary's motion to dismiss, Goleta filed a protective appeal with the PRRB concerning the CMS Intermediary's *revised* NPR providing reimbursement of Goleta's underlying claim without interest. As can be seen from the Intermediary's position papers filed with the PRRB, there is nothing new on remand—Goleta is being denied interest, and the agency's position will be that Goleta should be denied interest. Goleta has also maintained this

petition for judicial review on the same issue. Goleta hereby asks the Court to take judicial notice of the Intermediary's position papers, which are attached hereto as Exhibit A.

15.     Accordingly, Goleta asks the Court to vacate the order of dismissal and review the interest issue. In the alternative, so as to preclude duplicative proceedings and appeals on the same issue, and thereby conserving judicial and party resources, Goleta asks the Court to vacate the order of dismissal and stay the petition for judicial review pending consolidation of any petition for judicial review of the subsequent PRRB proceeding on the underlying appeal of the revised NPR.

## CONCLUSION AND PRAYER

Wherefore, premises considered, Plaintiff Goleta Valley Community Hospital prays that the Court vacate the order of dismissal, reconsider in light of the arguments and exhibits presented herewith, address the issue of interest, or in the alternative, stay or abate this petition for judicial review pending consolidation with the decision from the subsequent PRRB appeal. Goleta also prays for such other relief to which it may be entitled.

        Respectfully submitted,

        _____/s/_____

        **ALAN B. DAUGHTRY**
        D.C. Bar No.: TX0029
        **JACKSON WALKER L.L.P.**
        1401 McKinney, Suite 1900
        Houston, Texas 77010
        Telephone: (713) 752-4200
        Facsimile: (713) 752-4221
        adaughtry@jw.com
        GOLETA VALLEY COMMUNITY
        HOSPITAL a/k/a GOLETA VALLEY
        COTTAGE HOSPITAL

Of Counsel:

Barron P. Bogatto
Virginia C. Alverson
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of January 2007, a true and correct copy of the foregoing and a proposed order denying the motion to dismiss was served electronically, via the ECF system, upon the following:

Paul Edwin Soeffing
U.S Department Of Health & Human Services
Office of the General Counsel
7500 Security Boulevard
Room C2-05-23
Baltimore, MD 21244-1850

Kenneth L. Wainstein
United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

Peter S. Smith
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

/s/
Alan B. Daughtry