UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY ) <br>    HOSPITAL, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary of ) <br>    Health and Human Services, ) <br> ) <br>    Defendant. ) <br>    ) | Civil No. 05-2323 (DAR) <br><br> **ECF** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF GOLETA VALLEY'S MOTION FOR NEW TRIAL OR TO ALTER JUDGMENT, OBJECTIONS TO MAGISTRATE JUDGE'S RULING, AND MOTION FOR RECONSIDERATION**

Defendant, Michael O. Leavitt, Secretary of Health and Human Services, by and through his undersigned attorneys, hereby files this opposition to Plaintiff Goleta Valley Community Hospital's ("Goleta") "Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and Motion for Reconsideration," ("Pl.'s Mtn. for Recon."). See Document No. 16.

The original complaint in this matter concerned Goleta's request for judicial review, pursuant to 42 U.S.C. § 1395oo(f)(1), of an interim decision of the Secretary regarding Medicare reimbursement. See Compl., Document No. 1. The docket reflects that on January 18, 2006, the case was referred to Magistrate Judge Robinson for all purposes including trial. The docket further indicates that on February 17, 2006, the case was "[r]eassigned to Judge Deborah A. Robinson. Judge Reggie B. Walton no longer assigned to the case." February 17, 2006 Docket Entry.

Subsequently, on February 28, 2006, the Secretary filed its Motion To Dismiss, arguing

that, among other things, Plaintiff presented no final decision of the Secretary for the Court to review, as required under the Medicare statute (42 U.S.C. § 1395oo(f)(1)), and thus, Plaintiff failed to meet the threshold jurisdictional requirements for judicial review. <u>See</u> Def. Motion, Document No. 7. After full briefing of the Motion To Dismiss, on December 21, 2006, this Court granted the Secretary's Motion, concluding that the Court lacks jurisdiction to review the Administrator's Decision as requested by Plaintiff. Mem. Op. at 12, Document No. 15.

On January 8, 2007 Plaintiff filed a motion seeking reconsideration of the Court's order of dismissal. Document No. 17. While the basis upon which Plaintiff seeks reconsideration is not entirely clear, it appears that the motion is based in large part upon Federal Rule of Civil Procedure 59(e). Pl.'s Mtn. for Recon. ¶ 4. Plaintiff also cites Local Rule 72.2, which provides for reconsideration of a magistrate judge's ruling "found to be clearly erroneous or contrary to law." LCvR 72.2; <u>see also</u> Pl.'s Mtn. for Recon. ¶ 4. In its motion, Goleta states for the first time that it had not consented to assignment of this case to a Magistrate Judge. Pl.'s Mtn. for Recon. ¶ 2. In response to this assertion, the Court held a status conference on January 16, 2007. At the conference, the Court asked the parties if they could reach an agreement regarding whether there was now consent for this case to be decided by a Magistrate Judge. The parties were not able to reach agreement on this issue, and therefore, the Court asked that this issue of consent be addressed by the parties in the remaining briefs to be filed on Plaintiff's motion for reconsideration. Accordingly, this memorandum addresses Plaintiff's assertions with respect to the issue of consent to Magistrate Judge assignment and Plaintiff's assertions regarding reconsideration.

**I.        The Court Should Infer Consent to Magistrate Judge Assignment In This Case.**

Federal Rule of Civil Procedure 73(b) calls for the filing of written consent by parties proceeding before a Magistrate Judge. Fed. R. Civ. P. 73(b). Although it does not appear that either party filed explicit written consent here, the Supreme Court has held that, in the absence of specific written consent, such consent can be inferred from the actions of the parties. See Roell v. Withrow, 538 U.S. 580 (2003). In Roell, the entry of a final judgment by a Magistrate Judge after a trial in an employment discrimination action was challenged based on the lack of written consent by the parties to proceed before the Magistrate Judge. The Supreme Court held that implied consent exists where a party was aware of the need for consent, but still voluntarily pursued their case before the Magistrate Judge. Id. at 590.

Indeed, this Court has applied Roell and held that consent can be inferred from "participation, with the assistance of counsel, in all aspects of the litigation." Warren v. Thompson, 224 F.R.D. 236, 238-39 (D.D.C. 2004) (Mag. J. Robinson). In Warren, the parties litigated an employment discrimination case before a Magistrate Judge, including pretrial motions and a one-week jury trial. After the Magistrate Judge ruled for the defendant, the plaintiff argued that the assignment of the case to the Magistrate Judge was "void" and that the case should be returned to the District Judge to which it was originally assigned because no notice of consent had been filed. Id. at 237. Relying on Roell, the Court rejected the plaintiff's argument and found that even though written consent had not been filed, consent could be inferred from the parties' actions. Id. at 238-39.

In the present case, this Court should similarly infer consent to Magistrate Judge assignment. Here, two separate docket entries informed the parties that the matter had been assigned to a Magistrate Judge. The first docket entry, on January 18, 2006 states: "CASE

REFERRED to Magistrate Judge Deborah A. Robinson for All Purposes including trial." The second docket entry, on February 17, 2006 states: "Case Reassigned to Judge Deborah A. Robinson. Judge Reggie B. Walton no longer assigned to the case." The "Assigned to:" entry at the top of the docket sheet thereafter lists only "Magistrate Judge Deborah A. Robinson."[1] Moreover, Plaintiff's subsequent filings, including its opposition to Defendant's Motion to Dismiss, listed "DAR" in the case caption, indicating Plaintiff's belief that the matter was before Magistrate Judge Robinson. See Pl. Response, Document No. 9.

At no time during the briefing did either party raise an objection to either the referral of the case to the Magistrate Judge or to the "reassignment" of the case to the Magistrate Judge. This case proceeded to judgment after full briefing of all relevant issues by both parties. Indeed, even Plaintiff's motion for reconsideration does not appear to challenge the authority of the Magistrate Judge to issue a final judgment in this matter. Rather, Plaintiff's filing seems to be concerned more with what to call its motion for reconsideration of the Magistrate Judge's ruling. See Pl.'s Mtn. for Recon. ¶ 4.

In accordance with Roell, Plaintiff's willing participation in all aspects of this case before the Magistrate Judge and its failure to raise any objection to the assignment of this case to the Magistrate Judge allow this Court to infer consent by Plaintiff to proceed before the Magistrate Judge. Accordingly, because Plaintiff's consent can be inferred, the Court's December 21, 2006 Memorandum Opinion and Order should remain the final judgment of this Court.

At this point, there is no need to further delay final judgment in this matter by

---

[1]   During the January 16, 2007 status conference, Goleta's counsel acknowledged that he had seen the entries of reassignment when they were entered on the docket.

refashioning the Court's Order into a report and recommendation, requiring the parties to effectively relitigate the issues before a District Judge. All issues have been fully briefed and the Secretary is prepared to accept the ruling as final. Plaintiff may pursue its rights to appeal if it so desires. Such a ruling would serve the interests of judicial economy and allow resolution of this matter in a timely manner.

**II.     Plaintiff's Motion For Reconsideration Should Be Denied Because The Court Properly Found That It Lacked Jurisdiction Over The Complaint.**

Apart from the issue of consent to proceed before the Magistrate Judge, Plaintiff presents no support for its motion for reconsideration. It is well established that a proper 59(e) motion may vacate a prior judgment where the relevant portion of the judgment contains or is premised on a legal or factual error. See Delta Ltd. v. U.S. Customs and Border Protection Bureau, 393 F. Supp. 2d 15, 17 (D.D.C. 2005) (noting that "pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may grant a motion for reconsideration when there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Ramsur v. Barreto, 213 F.R.D. 79 (D.D.C. 2003) (explaining that "[t]his court has observed that Rule 59(e) of the Federal Rules of Civil Procedure 'is designed to allow courts to correct errors of fact appearing on the face of the record or errors of law' but that 'the movant must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'") (citing United States v. Western Electric Co., 690 F. Supp. 22, 25 (D.D.C. 1988), *aff'd in part, rev'd on other grounds*, 900 F.2d 283 (D.C. Cir. 1990)). Thus, a 59(e) motion "must address new evidence or errors of law or fact and cannot merely reargue previous factual

or legal assertions." See Amoco Production Co. v. Fry, 908 F. Supp. 991 (D.D.C. 1995) (new facts or law must "compel" a change in the court's ruling.).

In this case, Goleta presents no new facts or legal argument for the Court's consideration. See Pl.'s Mtn. for Recon., Document No. 16. Goleta merely retreads ground already covered in the briefs previously filed with this Court. For example, Plaintiff rehashes its argument that the Administrator's decision was a reversal of the PRRB's decision. Pl.'s Mtn. for Recon. ¶¶ 8-9. But as this Court noted in its decision, Plaintiff presented this argument in its opposition to Defendant's motion to dismiss. Court's Memorandum Opinion and Order at 9-10 (citing Plaintiff's Opp. at 10). In addition, Goleta's claims that nothing was really required to be done on remand, Pl.'s Mtn. for Recon. ¶¶ 10, 12, were also presented in its opposition brief prior to the Court's ruling dismissing this case. Plaintiff's Opp. at 2. Thus, there is nothing new in the Plaintiff's motion for reconsideration and the Court's well-reasoned decision should stand.

It is clear that Goleta continues to press its case before this Court because it remains dissatisfied with the fact that the decision will result in a failure of the hospital to qualify for interest on its administratively settled claims. While the Secretary agrees that the decision will have this effect, this result is more the inevitable product of Congress's statutory limitations on the payment of interest from the Medicare Trust Funds than a byproduct of this Court's findings.

As discussed at length in the Secretary's initial pleadings, the payment of interest amounts to a limited waiver of sovereign immunity that must be strictly construed in favor of the sovereign. Library of Congress v. Shaw, 478 U.S. 310, 319 (1986); McMahon v. United States, 342 U.S. 25, 27 (1951). In order to obtain interest, a plaintiff must challenge a final decision of the Secretary on a Medicare reimbursement decision in court and be the prevailing party in that

suit. 42 U.S.C. § 1395oo(f)(2). Where the court lacks jurisdiction over the underlying reimbursement claim, it can obtain no judgment on the merits of that claim and can obtain no interest. National Medical Enterprises v. Sullivan, 960 F.2d 866, 869-870 (9th Cir. 1992). In crafting this limited interest provision for the Medicare statute, Congress chose not to provide interest on those claims that are resolved at the administrative level of review. The Medicare regulations are consistent with that mandate. 42 C.F.R. § 413.64(j). See Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss at 11-17. As previously set forth, because Plaintiff's claims were paid administratively and they obtained no appealable final decision from the Secretary, Plaintiff simply fails to qualify for an interest award.

Importantly, Goleta presents no new argument as to why this Court has jurisdiction to entertain its lawsuit. Rather, it seeks to impermissibly transform an interim administrative remand order into a final and appealable merits decision of the Secretary. Plaintiff contends that despite the fact that the Administrator vacated the Provider Reimbursement Review Board's ("PRRB") decision as to the merits and remanded this matter to the agency, the Administrator's action should be considered the final agency decision and thus subject to judicial review. Pl.'s Mtn. for Recon. ¶ 8. What Plaintiff fails to recognize is that it does not matter what the Administrator's decision is called, but rather whether it was a final decision of the Secretary – and it was not. As this Court has already observed, only a final decision of the Secretary is subject to judicial review. See 42 U.S.C. § 1395oo(f)(1); 5 U.S.C. § 704 ("final agency action" is subject to judicial review); Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 96 ("the Secretary relies upon an elaborate adjudicative structure which includes the right to . . . judicial review in federal district court of final agency action."); Webster v. Doe, 486 U.S. 592, 599 (APA allows

judicial review "so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court'"). The Administrator recognized that the PRRB was correct in its ruling that the agency had the necessary documentation before it to make a decision on whether Plaintiff qualified for the new provider exemption, but that further administrative process was required by the agency to make a decision on the merits of that documentation – something the agency had not previously done because it had believed the documentation to be inadequate. This Court has already considered these arguments and issued its order dismissing the case. Plaintiff's efforts at relitigating the same issues are misplaced.

Moreover, a review of Plaintiff's reconsideration request reveals an obvious inconsistency. At one point, Plaintiff contends that "the remand accomplished nothing new" and that "nothing really happened on remand." Pl.'s Mtn. for Recon. ¶¶ 10, 12. However, almost immediately Plaintiff admits that "the CMS Intermediary paid Goleta the reimbursement to which Goleta was entitled (everything Goleta had claimed)" as a result of the remand. Pl.'s Mtn. for Recon. ¶ 12. Thus, the remand was not an empty exercise, but in fact led to the agency's consideration of Plaintiff's request for a new provider exemption on the merits for the first time, the granting of that request (see Defendant's Motion to Dismiss (Def.'s Mtn. To Dismiss"), Exhibit ("Ex.") 4), and payment of additional Medicare reimbursement based on the exemption (see id., Ex. 5). Plaintiff's representations that "nothing really happened upon remand" at best strains credulity. Nonetheless, through all of Plaintiff's arguments, one point is absolutely clear: this hospital's reimbursement claim was paid in full administratively. No live case or controversy on that claim was presented to this Court and, therefore, this Court's order of dismissal was fully appropriate. Plaintiff alleges no new law or facts to alter the outcome of this

case.

Plaintiff additionally makes the bald assertion that the remand of this matter to the agency was to consider a "new" case. Pl.'s Mtn. for Recon. ¶ 11. Plaintiff nowhere backs up this novel theory by explaining how a remand of a matter for further review somehow transforms it into a new case. It was in fact the same case that had come up through the PRRB to the Administrator that was returned to the agency for additional review. 42 C.F.R. § 405.1875(h). This is the very nature of a remand.

Furthermore, Plaintiff attempts to paint the Secretary's actions as some sort of concerted effort to prevent the hospital from receiving interest on its administrative claims. Yet, Plaintiff presents no evidence to support any such malfeasance on the part of the government, and such an unsupported assertion is simply untrue. Although Plaintiff may be unhappy with the state of the law created by Congress, the fact is that the Medicare statute does not allow the payment of interest under 42 U.S.C. § 1395oo(f)(2) for claims that are paid pursuant to the administrative process. While Plaintiff might wish otherwise, this is the law applicable to the Medicare program and it is clear.

In its request for interest, Plaintiff refers only to the interest provisions located at 42 U.S.C. § 1395oo(f)(2) as its statutory basis. It then references the regulations located at 42 C.F.R. § 405.378. Plaintiff mixes apples and oranges through this cross-reference. The former statutory cite, 42 U.S.C. § 1395oo(f)(2), is in fact the interest provision that is applicable to the payment of interest where a plaintiff receives a favorable court decision on an underlying reimbursement claim. The regulations implementing that subsection can be found at 42 C.F.R. § 413.64(j). As explained above and in the Secretary's earlier filings in this case, Plaintiff cannot

9

be considered the prevailing party under that provision and cannot qualify for such an interest award. The regulations, 42 C.F.R. § 405.378, implement another provision of the Medicare statute, commonly known as the prompt payment provision, 42 U.S.C. § 1395g(d). This is an administrative interest provision that has not been pleaded here and is irrelevant to this dispute. Under this provision, when a final determination is made that amounts are due a provider and payment is not made on that amount within 30 days of that final determination, the unpaid amounts may be entitled to interest. Plaintiff has not sought interest under 1395g(d) and the facts reveal that no such entitlement exists. See National Medical Enterprises v. Sullivan, 960 F.2d 866, 869 (9th Cir. 1992). In this case, the intermediary determined the amount due the provider on January 18, 2006 when it issued the revised Notices of Program Reimbursement ("NPR"). Def.'s Mtn. to Dismiss, Ex. 5 at 3-24. Payment was made on January 25, 2006, well within the 30-day requirement of the statute and regulation. Id. at 1-2.

Finally, Plaintiff notes that it is continuing to pursue its claim administratively, having filed a request for hearing with the PRRB based on its revised NPR. Pl.'s Mtn. for Recon. ¶ 14. The Secretary respectfully submits that an appeal of the revised NPR is the correct route for Plaintiff to pursue its claims as outlined by the Secretary's well-established administrative process. See Def.'s Mtn. to Dismiss at 16, n.11. If Goleta wishes to assert its incorrect belief that it is due interest on its claims, it must first present these claims administratively, as it has now done, by appealing the revised NPR. The fact that Plaintiff filed an appeal of its revised NPR, at a minimum, reflects its understanding that this may be the proper route to follow. However, the revised NPR is not before this Court. Goleta must pursue its appeal through the established administrative process and only then, if it desires, pursue such claims in this Court.

As this Court correctly concluded, the Court lacked jurisdiction over Plaintiff's complaint in this matter. Plaintiff presents nothing new which would alter the outcome of this case, and the Court appropriately entered an Order dismissing the complaint. Moreover, even if this Court had jurisdiction over Plaintiff's claims, there is no reason to stay this case, as requested by Plaintiff, for a later, potential consolidation with Plaintiff's appeal of its revised NPR. Plaintiff's appeal of its revised NPR is a separate dispute that must be pursued administratively before seeking review from the courts. That matter will ultimately receive a final decision from the Secretary that will be subject to judicial review pursuant to 42 U.S.C. § 1395oo(f)(1). It is simply not in the interest of judicial economy to hold this matter in abeyance awaiting the other matter.

Plaintiff's motion should be denied in its entirety and the dismissal of this lawsuit should stand.

Dated: January 19, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

>  /s/
> _____
> PAUL E. SOEFFING, D.C. Bar No. 459480
> Attorney
> U.S. Department of Health and Human Services
> Office of the General Counsel
> Centers for Medicare & Medicaid Services Division
> Room C2-05-23
> 7500 Security Boulevard
> Baltimore, Maryland 21244-1850
> (410) 786-1895

OF <u>COUNSEL</u>:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation

United States Department of
  Health and Human Services