UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services )<br>)<br>Defendant. )<br>) | Civil No. 05-2323 (DAR)<br>*ECF* |

**PLAINTIFF GOLETA VALLEY'S REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL OR TO
ALTER JUDGMENT, OBJECTIONS TO MAGISTRATE JUDGE'S RULING, AND
MOTION FOR RECONSIDERATION**

Plaintiff Goleta Valley Community Hospital ("Goleta") respectfully files this reply to the Secretary's opposition to Goleta's Motion for New Trial and to Alter or Amend the Judgment, Objections to the Magistrate's Ruling, and Motion for Reconsideration. In support thereof, Goleta would respectfully show the Court as follows:

1. The Secretary's response to Goleta's motion can be segregated into two subjects. First, the Secretary claims that Goleta has impliedly given consent for referral beyond the referral of matters provided in Local Rules 72.3(a)(7), which directs that magistrate judges initially handle petitions for agency review. Second, the Secretary discusses the dismissal of this petition for want of jurisdiction, characterizing Goleta's motion as raising nothing new. The Secretary's response is flavored with a good deal of rhetoric and does not accurately reflect Goleta's positions and claims. Goleta will try to respond succinctly.

1

# I.
### THE SECRETARY'S ARGUMENTS ON IMPLIED CONSENT ARE NOT ON POINT

2. At the January 16, 2007 status hearing in this matter, the Court asked the parties to discuss whether an agreement could be reached on consent for referral of this petition for agency review. In these discussions, the Secretary's counsel acknowledged that counsel for Goleta had not intentionally proceeded before this Court as if consent had been provided, but argued that, if the roles had been reversed, counsel for Goleta would be making the same argument. Counsel for Goleta respectfully disagrees, and represents that he would not advocate a position on waiver he knew not to be true.

3. As was hopefully apparent to the Court during the status hearing, this is not a "gotcha" situation whereby counsel voluntarily appeared before the Court for all purposes and then awaited the result to raise an objection. The docket sheet does not reflect consent by the parties, nor does it reflect the typical order of referral based on consent. A recent example of such a docket entry and order of consent are reflected by Exhibits A & B. Goleta would suggest that, had referral been based on consent, as opposed to Local Rule 72.3(a)(7), the docket entries would have been more in line (and clear) with the examples attached in Exhibits A & B. Unless counsel for Goleta is mistaken, the Court seemed to agree that the perception that consent had been provided was a clerical mistake. This assumption then gave rise to the form of the ruling on the Secretary's motion to dismiss.

4. By not granting consent, counsel for Goleta reasonably believed that under current procedure the case would be reviewed by the Magistrate Judge for purposes of evaluating the matter and making a recommendation to the District Court. Therefore, the Magistrate Judge's work and opinion would not be for naught – it simply would procedurally result in a recommendation to the District Court pursuant to Local Rule 72.3(a)(7).

5. The Secretary suggests that Goleta does not care whether consent had been given: "Plaintiff's filing seems to be concerned more with what to call its motion for reconsideration of the Magistrate Judge's ruling." Response at 4. As was made clear in Court and in its pleading, Goleta's motion to reconsider was drafted to ensure that, regardless of its title, a proper objection to the Magistrate Judge's opinion had been filed—and based on the presumption that the order of dismissal, rather than a recommendation of dismissal, had been the result of a mistake. Counsel for Goleta is respectful of the time the Court took in evaluating the motion to dismiss, but Goleta does not and has not consented to referral beyond that provided in Local Rule 72.3(a)(7). Given that Counsel for Goleta stated in open court that no agreement could be reached on consent, it is surprising for the Secretary to suggest that Goleta is not concerned with the issue and has no objection to the absence of consent.

6. The misunderstanding in this case likely arises from its nature: a petition for judicial review. Unlike other matters typically addressed in the context of consent, there is no "trial" contemplated in this matter. If the matter had gotten that far, the Secretary's determination would have been reviewed based on the administrative record (which was never filed by the Secretary) under the A.P.A. by competing cross-motions for summary judgment or some other dispositive motion. Unlike the implied waiver cases cited by the Secretary, the actions taken here would have been the same regardless whether consent had, or had not, been given. The Secretary still would have filed its motion to dismiss, and Goleta still would have briefed the issue—the only difference is how this Court resolved the motion.[1]

---

[1] The Secretary criticizes counsel for Goleta for notating its filings with the Magistrate Judge's initials following the cause number. Unless counsel is mistaken, the publication provided by the District Clerk's Office on "General Information and Filing Procedures" directs in Section II.G.1 that "All subsequent filings must contain . . . the name or initials of the magistrate judge to whom the case has been referred." This requirement would apply to matters referred consistent with Local Rule 72.3(a)(7), and Goleta questions whether the Secretary has also filed documents with a similar identification of a magistrate judge's initials with the belief that consent has been given.

7.     The Secretary's briefing on implied consent also overlooks a significant distinguishing factor, a critical distinction that Counsel for Goleta is surprised the Secretary would not have felt compelled to inform the Court. In the Secretary's discussion of this Court decision in *Warren v. Thompson*, 224 F.R.D. 236, 238-39 (D.D.C. (Mag. J. Robinson), the Secretary fails to note that, in *Warren*, consent had been given: "In the Joint Meet and Confer Statement filed by counsel for the parties in the instant case, counsel state that '[t]he parties do no[t] object to assignment this case to a magistrate judge for all purposes.'" *Id.* at 238. That representation of consent was not disputed in *Warren*. Moreover, the matter in *Warren* proceeded to a full and complete jury trial, whereby a jury verdict was returned, something that would not have otherwise occurred absent consent. *Id.* at 239. These are significant differences from the case here—distinctions that the Secretary presumably should have brought to the Court's attention.

8.     The Secretary's discussion of *Roell v. Withrow*, 538 U.S. 580 (2003) likewise suffers from a lack of forthcoming detail. Again, *Roell* involved a completed trial with jury verdict and a stipulation of consent. In *Roell*, the defendant orally consented to referral at a preliminary hearing before the magistrate judge and later confirmed consent in writing. *Id* at 583. A jury trial proceeded, and the *Roell* opinion notes that "[o]n at least three different occasions, counsel for Roell and Garibay was present and stood silent when the Magistrate Judge stated that they had consented to her authority." *Id.* at 584 n.1. Moreover, following trial, "Roell and Garibay filed a formal letter of consent with the District Court, stating that 'they consented to all proceedings before this date before the United States Magistrate Judge, including disposition of their motion for summary judgment and trial.'" *Id.* at 583-84. The circusmatnces here are much different. Nor is there the risk (or frustration) of judicial inefficiency outlined in

*Roell* (538 U.S. at 590); this Court still would have done the same work regardless whether it took the form of a memorandum opinion and order or a recommendation.

9.   Counsel for Goleta is apologetic for the misunderstanding. Nevertheless, counsel states that no consent was given or intended, and Goleta's position on the lack of consent remains the same. The cases and arguments offered by the Secretary do not fit this situation, and Goleta would ask that this Court not find an implied waiver of the requirement of consent.

## II.
### THE COURT SHOULD RECONSIDER ITS DECISION ON DISMISSAL

10.   Amidst repeated criticisms from the Secretary that Goleta raises nothing new and that no clear grounds for reconsideration exist, Goleta would respectfully draw the Court's attention to a few facts, allegations, and circumstances that should weigh on the Court's decision to reconsider dismissal. In considering Goleta's points, however, the Court should not be swayed by the Secretary's suggestion that the Court is constrained in granting reconsideration. This matter does not concern review of a ruling denying a new trial, nor does it involve a jury verdict. This Court has discretion to reconsider.

11.   In reversing the CMS Intermediary, the PRRB found that Goleta had provided sufficient documentation and that it was entitled to the new-provider exemption. Mtn. to Dismiss, Ex. 2. There had been no dispute whether the CMS Intermediary's decision to deny the new provider exemption had been a final appealable determination, and the PRRB decision to grant the exemption was likewise dispositive. With the application deemed sufficient, there was only one result that would follow—the full amount that Goleta had sought in its cost report would be permitted. The amount of reimbursement denied had been solely attributable to the denial of new provider status. At this point, the PRRB determination reflected that Goleta was entitled to the reimbursements that had been denied in its cost reports.

12. The Administrator affirmed the PRRB's decision that Goleta's application was complete, but the Administrator vacated the PRRB's decision that Goleta was entitled to the exemption and remanded the matter "for CMS to render a decision on the merits and based on caselaw that had developed after CMS's initial review of the matter." Mtn. to Dismiss at 12 (citing Ex. 3 at 4, 6) (internal citations omitted). Goleta was forced to file this petition for judicial review. Subsequent to the filing of this case, CMS determined that Goleta should be paid the full amount it had claimed for reimbursement. Goleta was paid, but without any interest for the decade it took to resolve a reimbursement claim that was sufficient and conclusive when made, and not subject to any controverting evidence.

13. In its motion to dismiss, the Secretary claimed that this matter was not a final determination subject to judicial review and that CMS should be afforded the discretion to make a final determination on what should be paid and whether interest is due. Mtn. to Dismiss at ¶¶12-14. Goleta has argued that, like in *S.C. Management, Inc. v. Leavitt*, No. 1:05-cv-12, 2005 WL 3263279, *1 (E.D. Mo. Dec. 1, 2005), this Court's judicial review should not have been precluded awaiting an agency determination of interest. To the extent that the Secretary had asked for such deference, its position is now clear. Goleta's motion for reconsideration reflects the agency's position that there is to be no payment of interest. Thus, to the extent that the Secretary had urged deference to CMS's consideration of the decision regarding interest, no basis for deference or delay now exists.

14. If CMS ultimately was constrained to pay Goleta everything that it had claimed based upon applications filed a decade ago, why then was it necessary for the Secretary to order a remand to accomplish this result? Goleta suggests the following reason: to avoid an

administrative reversal by the PRRB determining that the fiscal intermediary should have allowed full reimbursement when the application had been made a decade ago.

15. Moreover, in remanding the matter on the basis that the PRRB should not have addressed the merits of the exemption, the Administrator ignored the fact that the Intermediary had stipulated that the PRRB should indeed determine Goleta's entitlement to the new provider exemption. The PRRB's decision reflects as follows:

> The Provider and the Intermediary submitted a <u>Stipulations of the Parties</u> (Nov. 2004) in which it is agreed that: should the Board rule in favor of the Provider it will decide a second issue which is whether or not the Provider is entitled to an exemption; that there shall be a concurrent hearing for the 3 cases addressed herein; and, that the Board's decision with respect to the initial issue stated above is dispositive for all three cases.

Mtn. to Dismiss, Ex. 2 at 2 n.1. This stipulation was also raised in Goleta's petition in this Court. *See* Complaint at ¶¶ 10, 59, 60. Parties to appeals before the PRRB are permitted to make such stipulations. 42 C.F.R. § 405.1853. The Administrator's remand was improper and unnecessary.

16. Moreover, remand for consideration of a new case was also improper. The Secretary's reply mocks Goleta's argument for a "new" case, arguing that this is a "novel theory . . . how a remand of a matter for further review somehow transforms it into a new case." Response at 9. Goleta would refer the Secretary to his motion to dismiss, where he describes the remand "for CMS to render a decision on the merits and based on caselaw that had developed after CMS's initial review of the matter." Mtn. to Dismiss at 12. Under 42 C.F.R. §405.1875(h)(2)(ii), remand is not permitted to consider a new case, and the "case" the Administrator had referred to for remand had been *St. Elizabeth's Med. Ctr. of Boston v. Thompson*, 396 F.3d 1228 (D.C. Cir. 2005). This was not proper.

17. The agency's actions here reflect a common tactic, primarily designed to string along the administrative process and then reach a determination when forced to avoid the payment of interest. Consider that the Secretary's position conflicts in part with the statutory viewpoint of the accrual date for interest set forth in 42 U.S.C. §1395(a)(3). There, interest is calculated as of the date that a determination would have been made, if made on a timely basis. Moreover, this Section references Section 1395oo(a)(1)(B),(C), which reflect instances where the intermediary had not made a final determination on a timely basis where the report had been complete. Here, the Administrator agreed that Goleta's application was complete, and the application on its face dictated (based on the law developed by the D.C. Circuit in *St. Elizabeth*) that Goleta was entitled to reimbursement for all that it had claimed in the cost reports for the applicable years.

18. Had a decision been done properly and on a timely basis, Goleta would have had reimbursement a decade ago. Despite a statutory mandate that interest be paid, the agency has a crafted a procedural environment where that is not possible. Under the agency's procedures, interest only accrues 30 days after the agency has decided it should pay. Goleta respectfully submits that this practice renders the prospect of interest illusory. Indeed, Goleta would hazard a guess that the agency has likely not paid any interest on erroneous determinations that led to gross underpayment without Court intervention this past decade.

19. Goleta properly demonstrated its entitlement to reimbursement a decade ago. The Secretary has recognized that Goleta was correct, but inappropriately delayed the decision and remanded the case so as to defeat a claim for and review of interest. Goleta would respectfully argue that this reflects not only arbitrary and capricious conduct, but substantially delayed agency action which should be reviewed. Moreover, the Secretary has refused to consider

abatement of this action (not addressed in the Secretary's response) so that an appeal of the underlying revised NPR could be consolidated, eliminating duplicative actions. This is further evidence of delay by design.

### CONCLUSION AND PRAYER

Wherefore, premises considered, Plaintiff Goleta Valley Community Hospital prays that the Court vacate the order of dismissal, find that consent has not been been given or waived, reconsider in light of the arguments and exhibits presented herewith, address the issue of interest, or in the alternative, stay or abate this petition for judicial review pending consolidation with the decision from the subsequent PRRB appeal of the reversed NPR. Goleta also prays for such other relief to which it may be entitled.

                                                  Respectfully submitted,

                                                  _____/s/_____

                                                  **ALAN B. DAUGHTRY**
                                                  D.C. Bar No.: TX0029
                                                  **JACKSON WALKER L.L.P.**
                                                  1401 McKinney, Suite 1900
                                                  Houston, Texas 77010
                                                  Telephone: (713) 752-4200
                                                  Facsimile: (713) 752-4221
                                                  adaughtry@jw.com

Of Counsel:                                       GOLETA VALLEY COMMUNITY
                                                  HOSPITAL a/k/a GOLETA VALLEY
Barron P. Bogatto                        COTTAGE HOSPITAL
Virginia C. Alverson
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

9

**CERTIFICATE OF SERVICE**

This is to certify that on this 26th day of January 2007, a true and correct copy of the foregoing and a proposed order denying the motion to dismiss was served electronically, via the ECF system, upon the following:

Paul Edwin Soeffing
U.S Department Of Health & Human Services
Office of the General Counsel
7500 Security Boulevard
Room C2-05-23
Baltimore, MD 21244-1850

Jeffrey Taylor
United States Attorney
Judiciary Center Building
555 4th Street, N.W. Room 10-106
Washington, DC 20530

Megan Rose
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

/s/
Alan B. Daughtry