UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary of ) <br> Health and Human Services, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 05-2323 (DAR) <br><br> ECF |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY**

Defendant, Michael O. Leavitt, Secretary of Health and Human Services, by and through his undersigned attorneys, respectfully moves this Court for an Order granting leave for Defendant to file his surreply in the above-captioned matter. The surreply is being filed concurrently with this motion. In support of this motion, Defendant states as follows:

1. Plaintiff's complaint seeks judicial review of a decision by the Secretary reviewing Plaintiff's request for certain Medicare reimbursement.

2. Jurisdiction over this action is based on 42 U.S.C. § 1395oo(f)(1), which provides for judicial review of final decisions by the Secretary under the standards of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

3. On December 21, 2006, this Court dismissed Plaintiff's complaint, concluding that the Court lacks jurisdiction to review the Administrator's Decision as requested by Plaintiff. Court's Memorandum Opinion and Order at 12, Document No. 15.

4. On January 8, 2007, Plaintiff filed a "Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and Motion for Reconsideration" ("Pl.'s Mtn. for

Recon.") in which it alleged, among other things, that "no consent was filed by Goleta" for the assignment of this case to the Magistrate Judge. Pl.'s Mtn. for Recon. ¶ 2, Document No. 17.

5. On January 16, 2007, this Court held a status conference to discuss the issue of consent and ordered that the parties include this issue in their briefs regarding Plaintiff's motion for reconsideration.

6. Subsequently, on January 19, 2007, Defendant filed his opposition to Plaintiff's motion.

7. On January 26, 2007, Plaintiff filed its reply brief, which, in Defendant's view, contains errors of fact and asserts for the first time certain legal arguments. Defendant believes these errors are of sufficient gravity to merit correction in the record by the filing of a surreply, particularly where the Plaintiff misrepresents positions taken by the Secretary.

8. Before filing a surreply, a party must request the Court's permission to do so. See Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001). Additionally, "the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion." Longwood, 157 F. Supp. 2d at 68 n.3; see also Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration which was not included in the original motion). The Alexander Court reasoned that if it denied the plaintiffs' leave to file their surreply, they would be unable to contest matters "presented to the court for the first time." 186 F.R.D. at 74. The Court therefore found that this rationale sufficiently demonstrated "good cause" warranting the granting of the plaintiffs' motion. Id.

    8. The standard for granting leave is met here. Plaintiff makes representations for the first time – which are erroneous – regarding the Secretary's position on Plaintiff's consent to Magistrate Judge Assignment. Pl.'s Reply ¶ 2, Document No. 21. In addition, Plaintiff attacks the Secretary's interpretation of two cases which are on point regarding the issue of consent. Id. ¶¶ 7-8. The Secretary believes he should be afforded the opportunity to respond to these accusations as well.

    9. On January 31, 2007, agency counsel conferred with counsel for Plaintiff via telephone. Plaintiff's counsel stated that he has no objection to the motion for leave to file a surreply.

    WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant leave for the Defendant to file his surreply in the above-captioned matter.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

|  |  |
|---|---|
|  | /s/_____ |
|  | PAUL E. SOEFFING, D.C. Bar No. 459480 |
|  | Attorney |
|  | U.S. Department of Health and Human Services |
|  | Office of the General Counsel |
|  | Centers for Medicare & Medicaid Services Division |
|  | Room C2-05-23 |
|  | 7500 Security Boulevard |
|  | Baltimore, Maryland 21244-1850 |
|  | (410) 786-1895 |

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation

United States Department of
  Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 05-2323 (DAR) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) | ECF |
| Defendant. | ) | |

**ORDER**

UPON CONSIDERATION of the Defendant's Motion for Leave to File Surreply and the entire record herein, it is this _____ day of _____, 2007, hereby

ORDERED, that the Motion for Leave to File Surreply is GRANTED; and it is further

ORDERED, that Defendant's Surreply, filed concurrently with this Motion shall be deemed FILED.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge