UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GOLETA VALLEY COMMUNITY HOSPITAL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 05-2323 (DAR) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) ) | ECF |
| Defendant. | ) ) | |

**DEFENDANT'S SURREPLY TO PLAINTIFF GOLETA VALLEY'S MOTION FOR NEW TRIAL OR TO ALTER JUDGMENT, OBJECTIONS TO MAGISTRATE JUDGE'S RULING, AND MOTION FOR RECONSIDERATION**

Defendant, Michael O. Leavitt, Secretary of Health and Human Services, by and through his undersigned attorneys, hereby submits this surreply to "Plaintiff Goleta Valley's Reply to Defendant's Opposition to Plaintiff's Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and Motion for Reconsideration," ("Pl.'s Reply"). See Document No. 21.

Plaintiff's reply brief makes several factual and legal assertions that are in error and which the Secretary wishes to refute here.

1. First, Plaintiff alleges that, presumably during the course of settlement discussions requested by the Court on January 16, 2007 regarding the issue of consent, "the Secretary's counsel acknowledged that counsel for Goleta had not intentionally proceeded before this Court." Pl.'s Reply ¶ 2. This is untrue. Neither the Secretary nor his counsel made any statement to this effect and Plaintiff was wrong to imply from any statements made by the Secretary that such is the Secretary's position. At the status conference, Assistant United States Attorney Megan Rose

indicated that she was not the counsel of record at the time the matter was referred and was unsure about the parties' intentions in January 2006.  Instead, it has been the Secretary's unwavering position that events following the case's referral allow for consent to be inferred.  Def.'s Opp. at 2-5, Document No. 18.  As discussed in the Secretary's opposition brief, the parties' subsequent actions and filings in this case indicate that they were aware the case had been referred, and no one made any objections.  Id.  Indeed, even Plaintiff's proposed Order for this Court, filed with its opposition to the Secretary's motion to dismiss, is styled as a final order and not as one for a recommended ruling for a District Judge.  See Document No. 9-2.  Therefore, counsel for the Secretary had no reason to believe that Plaintiff was not intentionally proceeding towards final judgment before this Court.  It is erroneous for Plaintiff to suggest otherwise.  No contrary statement was made during the January 16, 2007 settlement discussions or at any other time.

    2.  Next, Plaintiff errs in its recitation of the facts of the Warren and Roell decisions.  See Roell v. Withrow, 538 U.S. 580 (2003); Warren v. Thompson, 224 F.R.D. 236 (D.D.C. 2004).  In its description of Warren, Plaintiff misrepresents that consent was given in that case.  Pl.'s Reply ¶ 7.  No consent was given.  Rather in the Joint Meet and Confer Statement filed by the parties, they stated that "'[t]he parties do no[t] object to assigning this case to a magistrate judge for all purposes.'"  Warren, 224 F.R.D. at 238.  Failing to object is something quite different than giving affirmative consent.  Indeed, that is the whole point behind this case and the reason why it was necessary for the Court in Warren to find that consent was inferred – because consent was not explicit.  The Warren court did not find consent based on the Joint Meet and Confer Statement, but rather "infers Plaintiff's consent from her participation, with the assistance of

counsel, in all aspects of the litigation." Id. at 239.  Here too, Plaintiff has participated in all aspects of the litigation, only raising its argument regarding consent after receiving an unfavorable dispositive decision from this Court.

    3. In its description of Roell, Plaintiff accuses the Secretary of "a lack of forthcoming detail." Pl.'s Reply ¶ 8.  However, it is Plaintiff that has failed to examine Roell in a precise manner.  Roell involved one plaintiff and three defendants.  See Roell v. Withrow, 538 U.S. at 582.  During the original District Court proceedings, the plaintiff, Withrow, gave oral and written consent to proceed before the Magistrate Judge, but only one of the defendants, Reagan, gave written consent.  Id. at 583.  Yet, in its reply brief here, Goleta states that "following trial, 'Roell and Garibay filed a formal letter of consent with the District Court.'"  Pl.'s Reply ¶ 8 (emphasis added).  While technically correct, Goleta's statement is exceedingly misleading, because the written consent the other two defendants eventually executed was not just "following trial," but following final action by the Magistrate Judge and following an appeal and remand by the Court of Appeals.  Roell at 583-84.  Goleta's reply is written in a way to suggest that such consent was secured prior to the conclusion of the original proceedings before the Magistrate Judge.  Instead, the final disposition of the case in the District Court was made without the explicit consent of all parties, and it was not until well after the District Court proceedings had concluded and the case was remanded that consent was finally executed by the other two defendants.  Id.  Thus, the action taken by the Magistrate Judge in Roell, to issue a final disposition of that case without written consent of all the parties, but with such consent inferred, is similar to the instant case.

    4. Finally, Plaintiff spends the bulk of its reply rehashing its position on the merits of this case.  While the Secretary is confident that his prior briefing refutes the positions asserted by

Plaintiff, we wish to correct one of the most glaring of Plaintiff's errors. Plaintiff asserts that "[s]ubsequent to the filing of this case, CMS determined that Goleta should be paid the full amount it had claimed for reimbursement." Pl.'s Reply ¶ 12. However, it is uncontested that CMS made its determination that Goleta was to be awarded the exemption on November 16, 2005. Def.'s Motion to Dismiss, Ex. 4, Document No. 7. Plaintiff did not file its Complaint with this court until the following month. Complaint, Document No. 1. In its Memorandum Opinion and Order of December 22, 2006, this Court recognized that, in fact, the agency had determined to award the exemption prior to the filing of Plaintiff's complaint. Court's Memorandum Opinion and Order at 3, Document No. 15.

For all of the reasons stated above and in Defendant's prior submissions, Plaintiff's motion for reconsideration should be denied in its entirety and the dismissal of this lawsuit should stand.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

4

        /s/
PAUL E. SOEFFING, D.C. Bar No. 459480
Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation

United States Department of
  Health and Human Services