UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOLETA VALLEY COMMUNITY
HOSPITAL,

Plaintiff,

v.

MICHAEL O. LEAVITT, Secretary of
Health and Human Services,

Defendant.

Civil Action No. 05-2323
DAR

## MEMORANDUM OPINION AND ORDER

Plaintiff Goleta Valley's Motion for New Trial or to Alter Judgment, Objections to

Magistrate Judge's Ruling, and Motion for Reconsideration (Docket No. 16) is pending for

determination by the undersigned.  Upon consideration of the motion, the memoranda in support

thereof and in opposition thereto and the entire record herein, Plaintiff's motion will be

**DENIED**.

## I.  BACKGROUND

Plaintiff, Goleta Valley Community Hospital ("Goleta"), brings this complaint seeking

judicial review of Defendant's actions.  Complaint, ¶¶ 1-2.  Plaintiff operated a Respite Guest

Weekend Program from 1988 through 1998.  Id., ¶ 5.  In 1994, Plaintiff opened a new and

separate skilled nursing facility unrelated to the Respite Guest Weekend Program.  Id. Medicare

provides for new providers an exemption from Medicare's routine cost limits in calculating

reimbursement to providers for costs associated with skilled nursing facilities that have been

Medicare-certified for less than three years.  Id., ¶ 6.  Plaintiff qualified for this exemption in

Goleta v. Leavitt                                                                                    2

1997 and filed the necessary paperwork with its Medicare fiscal intermediary ("Intermediary").

Id.  In seeking the exemption, Plaintiff timely appealed adjustments its Intermediary had made in

previous cost reports where the routine cost limits were applied so that the exemption could be

applied to those cost reports.  Id., ¶ 7.

The Intermediary and the Centers for Medicare and Medicaid Services ("CMS"), in

considering the exemption, had concerns about whether the Respite Guest Weekend Program

was a skilled nursing facility or equivalent, which would preclude Plaintiff from receiving the

exemption.  Id., ¶  8.  Plaintiff corresponded with the Intermediary and CMS for months, and

provided additional information in support of its exemption application. Id., ¶ 9.  After several

months, CMS informed Plaintiff and the Intermediary that it was denying Plaintiff's request for

an exemption as a new provider due to lack of documentation and this was a final determination

by CMS and the Intermediary.  Id., ¶¶ 9, 36.

Plaintiff timely filed an appeal of the final determinations made by CMS and the

Intermediary to the Provider Reimbursement Review Board ("Board").  Id., ¶  10.  The Board

consolidated the appeals so they would be heard simultaneously.  Id.  Legal counsel for Plaintiff

and CMS/Intermediary stipulated that there were two separate issues before the Board.  Id.  The

first issue was whether Plaintiff provided sufficient evidence to enable CMS to make a decision

on Plaintiff's request for the exemption from the routine cost limits for its new skilled nursing

facility.  Id.  If the first issue had been decided in Plaintiff's favor, then the second issue would

have been whether Plaintiff was entitled to a new provider exemption to the reasonable cost

limits for the cost reporting periods at issue.  Id.  The board decided that Plaintiff did provide

sufficient evidence with regard to the first issue, and with regard to the second issue, that

Goleta v. Leavitt                                                                                      3

Plaintiff was entitled to the exemption.  Id.

    The Administrator of CMS ("Administrator") then reviewed the Board's decision and agreed that Plaintiff provided sufficient evidence for an exemption request.  Id., ¶ 12.  The Administrator vacated the Board's decision as to the merits of granting the exemption and remanded the cases to CMS.  Id.  Plaintiff challenges the Administrator's decision in the instant complaint seeking judicial review.  Id., ¶ 13.

    On remand, CMS reevaluated Plaintiff's request for an exemption and granted it on November 16, 2005 in a letter to the Intermediary.  Defendant's Motion to Dismiss ("Def. Motion") at 9.  The Plaintiff filed its complaint on December 5, 2005, was notified that the exemption was granted on December 15, 2005, and received payment consistent with its exemption request on January 25, 2006. Id.

    On December 21, 2006, the undersigned United States Magistrate Judge granted the Defendant's motion to dismiss because of the court's lack of jurisdiction to hear the matter.  See Document No. 15.

## II.  CONTENTIONS OF THE PARTIES

    In its motion, Plaintiff submits that its petition was assigned to the undersigned, but that it did not file written consent to this assignment; therefore, it must have been "made pursuant to D.C. Dist. Ct. Loc. R. 72.3(a)(7)."  Plaintiff Goleta Valley's Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and Motion for Reconsideration ("Plaintiff's Motion") at 1.  Plaintiff contends that because it did not file a consent form for the undersigned to decide the motion to dismiss, it is not sure which is the proper vehicle to seek review of the

Goleta v. Leavitt                                                                                    4

dismissal.  Id. at 2.  Plaintiff contends that because "the order is couched as one of final

disposition," it therefore seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a), or

amendment or alteration of the judgment pursuant to Federal Rule of Civil Procedure 59(e).  Id.

Alternatively, the Plaintiff objects to the order of dismissal pursuant LCvR 72.3(b), "and/or seeks

reconsideration" pursuant to LCvR 72.2(b).  Id.  Plaintiff contends that the court's dismissal was

in error and contrary to law.  Id.  The Plaintiff submits that the court does have jurisdiction,

pursuant to 42 U.S.C. § 1395oo(f)(1), to review the Administrator's decision to "vacate" the

Board's decision to grant Plaintiff new-provider exemption status.  Id.

        The Defendant, in its opposition, contends that the court should infer that the parties

consented to proceeding before the undersigned Magistrate Judge because the parties had notice

by a January 18, 2006 docket entry that stated that the case was referred to the undersigned for

"all purposes including trial."  Defendant's Opposition to Plaintiff Goleta Valley's Motion for

New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and Motion for

Reconsideration ("Def. Opp.") at 1. The February 17, 2006, docket entry stated that the case was

"[r]eassigned to Judge Deborah A. Robinson.  Judge Reggie B. Walton no longer assigned to the

case."  Id.  Defendant submits that it did not file its motion to dismiss until February 28, 2006,

after the case had been reassigned.  Id. at 1-2.  Even though Federal Rule of Civil Procedure

73(b) requires written consent by parties to proceed before a Magistrate Judge, Defendant

submits that the Supreme Court has held that when there is no written consent, consent can be

inferred from the actions of the parties.  Id. at 3 (citing Roell v. Withrow, 538 U.S. 580 (2003)).

Defendant also submits that this ruling has been applied in this court when a plaintiff tried to

have a trial conducted by a Magistrate Judge "voided" on the ground that a consent notice was

Goleta v. Leavitt                                                                                                5

not filed, but the court ruled that consent could be inferred from the parties actions. Id. (citing

Warren v. Thompson, 224 F.R.D. 236, 238-39 (D.D.C. 2004)).  It is also Defendant's contention

that Plaintiff's motion for reconsideration be denied because the court properly found that it

lacked jurisdiction over Plaintiff's Complaint. Id. at 5-11.

      Plaintiff, in its reply, contends that the parties did not consent, and that the docket sheet

does not reflect consent.  Plaintiff Goleta Valley's Reply to Defendant's Opposition to Plaintiff

Goleta Valley's Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's

Ruling, and Motion for Reconsideration ("Plaintiff's Reply") at 2.  Plaintiff argues that the cases

cited by Defendant are not on point, since in Warren, the parties consented to proceed before a

Magistrate Judge in their meet and confer statement, and in Roell, the parties orally consented

before the Magistrate Judge.  Id. at 4.

      Defendant, in its surreply, contends that the Plaintiff made several errors in its recitation

of the facts in Warren and Roell in its reply.  Defendant's Surreply to Plaintiff Goleta Valley's

Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and

Motion for Reconsideration ("Surreply") at 1-2.  Defendant contends that Plaintiff

misrepresented that the parties in Warren consented to proceed before a magistrate judge, when

in fact the parties stated they did not object to their case being assigned to a magistrate judge in

their meet and confer statement; therefore, the court had to infer whether there was consent

because no explicit consent was given.  Id. at 2-3.  Defendant contends that Plaintiff was

misleading when it stated that the parties in Roell submitted written consent after the trial when

in fact one defendant and the plaintiff consented during the trial before a magistrate judge, but

the other defendants did not submit written consent until after the case was concluded and

Goleta v. Leavitt                                                                                           6

remanded by the Court of Appeals.  Id. at 3 (citing Roell, 538 U.S. at 583-84.).  Defendant also

denies ever acknowledging that counsel for the Plaintiff had not intentionally proceeded before

the Magistrate Judge.  Id. at 1.

## III.  DISCUSSION

*Consent to Proceed Before a Magistrate Judge*

Section 636 of Title 28 of the United States Code provides, in pertinent part, that

> [u]pon the consent of the parties, a
> full-time United States magistrate
> judge . . . may conduct any or all
> proceedings in a jury or nonjury civil
> matter and order the entry of
> judgment in the case, when specially
> designated to exercise such
> jurisdiction by the district court[.]

28 U.S.C. § 636(c)(1).  Further, 28 U.S.C. § 636(c)(2) provides that

> [i]f a magistrate judge is designated
> to exercise civil jurisdiction under
> paragraph (1) of this subsection, the
> clerk of court shall, at the time the
> action is filed, notify the parties of
> the availability of a magistrate judge
> to exercise such jurisdiction. The
> decision of the parties shall be
> communicated to the clerk of court.
> Thereafter, either the district court
> judge or the magistrate judge may
> again advise the parties of the
> availability of the magistrate judge,
> but in so doing, shall also advise the
> parties that they are free to withhold
> consent without adverse substantive
> consequences.  Rules of court for the
> reference of civil matters to

Goleta v. Leavitt                                                                                    7

> magistrate judges shall include
> procedures to protect the
> voluntariness of the parties' consent.

28 U.S.C. § 636(c)(2).

Rule 73 of the Federal Rules of Civil Procedure provides that

> [w]hen a magistrate judge has been
> designated to exercise civil trial
> jurisdiction, the clerk shall give
> written notice to the parties of their
> opportunity to consent to the exercise
> by a magistrate judge of civil
> jurisdiction over the case, as
> authorized by Title 28, U.S.C. §
> 636(c).  If, within the period
> specified by local rule, the parties
> agree to a magistrate judge's exercise
> of such authority, they shall execute
> and file a joint form of consent or
> separate forms of consent setting
> forth such election.

Fᴇᴅ. R. Cɪᴠ. P. 73(b).  This court's local rule provides that

> "[t]he Clerk shall notify the parties
> of their voluntary right to consent to
> assignment of a civil case to a
> magistrate judge as soon as
> practicable after the action is filed.  If
> the parties consent to such an
> assignment, a notice of consent
> signed by the parties or their
> attorneys shall be filed with the
> Clerk."

LCvR 73.1(b).

Defendant argues that the court should infer that the parties consented to proceed before

Goleta v. Leavitt                                                                                    8

the undersigned, despite the fact that the parties did not file written consent to proceed before a

magistrate judge pursuant to Federal Rule of Civil Procedure 73(b).  Def. Opp. at 3.  Defendant

submits that the Supreme Court, in <u>Roell v. Withrow</u>, 538 U.S. 580 (2003), held that in the

absence of specific written consent, consent can be inferred from the actions of the parties.  <u>Id.</u>

Defendant also relied on <u>Warren v. Thompson</u>, 224 F.R.D. 236, 238-39 (D.D.C. 2004), in

arguing that the parties' consent should be inferred because of their actions during litigation.  <u>Id.</u>

In <u>Warren,</u> the parties litigated an employment discrimination case before the undersigned

including pretrial motions and a jury trial; after ruling in the defendant's favor, the plaintiff

argued that the assignment was void because no consent was ever filed.  <u>Id.</u>  The court relied on

<u>Roell</u>, and held that plaintiff's argument would be rejected because consent could be inferred

from the parties' actions.  <u>Id.</u>

Defendant maintained that there are two docket entries that gave notice to the parties that

the case had been assigned to a Magistrate Judge.  <u>Id.</u>  The January 18, 2006, docket entry

provides, "CASE REFERRED to Magistrate Judge Deborah A. Robinson for all Purposes

including trial."  <u>Id.</u> at 3-4.  The Docket entry on February 17, 2006, provides "Case Reassigned

to Judge Deborah A. Robinson.  Judge Reggie B. Walton no longer assigned to the case."  <u>Id.</u> at

4.  Defendant also submits that at the top of the docket sheet for this case the entry at the top

states the case is assigned to "Magistrate Judge Deborah A. Robinson" and Plaintiff used only

the initials "DAR" only in its subsequent case filings (referring to Plaintiff's Response,

Document No. 9).  The Defendant contends that the Plaintiff's willing participation in all aspects

of this case in accordance with <u>Roell</u>, coupled with the Plaintiff's failure to object to the

reassignment of this case, are sufficient for this court to infer consent, and that the court's

Goleta v. Leavitt                                                                                                    9

December 21, 2006 Memorandum Opinion and Order should remain a final judgment and not be

refashioned as a report and recommendation.  Id. at 4-5.

    Plaintiff submits that its petition for judicial review was assigned to the undersigned but

that it did not file any consent, therefore it presumes the assignment was made pursuant to Local

Civil Rule 72.3(a)(7).[1]  Plaintiff's Motion at 1.  Plaintiff contends that counsel for Defendant, in

discussions trying to settle the issue of consent, acknowledged that Plaintiff's counsel did not

intentionally proceed before the court as if consent had been provided, but Defendant adamantly

denies making such a statement.  Plaintiff's Motion at 2; Surreply at 1.  Plaintiff contends the

docket entries do not reflect the that the parties gave consent, and contends that the court seemed

to agree that the perception that consent had been provided was a clerical mistake.  Plaintiff's

Motion at 2.  Plaintiff argues that Warren and Roell are not similar to the present case because

the parties in those cases gave consent and both cases had completed trials.  Id. at 4.  Defendant

argues that Plaintiff has erred in its interpretation of the facts of Warren and Roell because in

those cases the parties either did not consent or not all the parties consented, therefore the court

in those cases held that consent could be inferred from the actions of all the parties.  Surreply at

2-3.

    "[I]n the absence of written consent, implied consent may be accepted 'where . . . the

litigant or counsel was made aware of the need for consent and the right to refuse it, and still

voluntarily appeared . . . before the Magistrate Judge.'"  Warren, 224 F.R.D. at 238 (citing Roell,

538 U.S. at 590).  Plaintiff contends that the docket entries do not show that the parties gave

---

[1]"At the request of the judge to whom the case is assigned, a magistrate judge may conduct hearings . . . and submit to the judge proposed findings of fact and recommendations for the disposition of petitions for judicial review of administrative determinations[.]" LCvR 72.3(a)(7).

consent, however, there are two docket entries that gave the parties notice that the case was

referred to the undersigned for all purposes including trial and that U.S. District Judge Reggie B.

Walton was no longer assigned to the case.  See Docket Entries January 18, 2006 and February

17, 2006.  The undersigned finds that the Plaintiff did have notice because of the use of only the

undersigned's initials in its filings after the February 17, 2006 docket entry.  Neither party

protested the entries or notified the court or the clerk's office that it did not consent to having the

case proceed before the undersigned for all purposes.  Local Civil Rule 72.1(b)(1) gives a

Magistrate Judge the power, at the request of a judge, to conduct "proceedings and enter orders

or recommendations as described in LCvR 72.2 and LCvR 72.3"  (emphasis added).  The

undersigned finds that consent can be inferred from the parties' actions, and that the undersigned

had the authority to make a final determination in granting Defendant's motion to dismiss.


### *Motion for New Trial, or to Alter Judgment, and Motion for Reconsideration*

> Rule 59 of the Federal Rules of Civil Procedure provides, in pertinent part, that
> [a] new trial may be granted to all or any of the parties and on all or part of the issues . . .  (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury may open the judgment . . . amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

FED. R. CIV. P. 59(a).  "Any motion to alter or amend a judgment shall be filed no later

Goleta v. Leavitt                                                                                    11

than 10 days after entry of the judgment." FED. R. CIV. P. 59(e).

      "Motions for reconsideration are committed to the sound discretion of the trial court."

Judicial Watch, Inc. v. United States Dept. of Energy, 319 F. Supp. 2d 32, 34 (D.D.C. 2004). "A

motion for reconsideration need not be granted 'unless the district court finds that there is an

intervening change in controlling law, the availability of new evidence or the need to correct a

clear error or prevent manifest injustice.'" Id. (citations omitted). "A Rule 59(e) motion to

reconsider is not simply an opportunity to reargue the facts and theories upon which a court has

already ruled." New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). The motion

"must address new evidence or errors of law or fact and cannot merely reargue previous factual

and legal assertions." Id. (citations omitted).

      In Plaintiff's briefs in support of its motions for new trial, to alter or amend judgment and

for reconsideration, it reargued the same issues already briefed by the parties that were decided

on December 21, 2006 by this court. The purpose of the motions made by the Plaintiff is not to

repeat arguments the court has already found unpersuasive, but to provide to the court evidence

of errors of law and new evidence that would warrant reconsideration of the court's previous

memorandum and opinion order. The Plaintiff has failed to provide such evidence, and the court

declines to revisit previous legal conclusions; therefore the Plaintiff's motions are denied.

## IV.  CONCLUSION

      Upon consideration of Plaintiff Goleta Valley's Motion for New Trial or to Alter

Judgment, Objections to Magistrate Judge's Ruling, and Motion for Reconsideration, the

memoranda in support thereof and in opposition thereto and the entire record herein, the

undersigned finds, for the reasons set forth herein, that the parties' consent to proceed before the

Goleta v. Leavitt                                                                  12

undersigned Magistrate Judge is inferred from their actions.  The undersigned further finds that

Plaintiff failed to provide sufficient evidence in support of its motions, and therefore Plaintiff's

motions for new trial, to alter or amend judgment, and its motion for reconsideration are denied;

and no consideration of Plaintiff's other requests will be undertaken.  Plaintiff Goleta Valley's

Motion for New Trial or to Alter Judgment, Objections to Magistrate Judge's Ruling, and

Motion for Reconsideration therefore is **DENIED**.

 

August 3, 2007

                                                            /s/
                                        _____
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge